UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| BENNIE KENNEDY,<br>　　　　Plaintiff,<br><br>　　vs.<br><br>SCHNEIDER ELECTRIC f/k/a<br>SQUARE D COMPANY<br>and JOHN DOE ONE THROUGH TEN,<br>　　　　Defendants. | )<br>)<br>)<br>)　CAUSE NO.: 2:12-CV-122-JD-PRC<br>)<br>)<br>)<br>)<br>) |

**FINDINGS, REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE PURSUANT TO
28 U.S.C. § 636(b)(1)(B) & (C)**

This matter is before the Court on a Motion to Dismiss [DE 9], filed by Defendant Schneider Electric f/k/a Square D Company ("Schneider Electric") on March 28, 2012.

On June 27, 2012, Judge Jon E. DeGuilio entered a Notice and Order of Referral [DE 18], referring the instant Motion to Dismiss to the undersigned Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). This Report constitutes the undersigned Magistrate Judge's combined proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C) on the Motion to Dismiss. For the following reasons, the Court recommends that Judge DeGuilio deny Defendant's Motion to Dismiss.

**PROCEDURAL BACKGROUND**

Plaintiff Bennie Kennedy filed a Complaint on February 10, 2012, in Lake Circuit Court against his employer, Schneider Electric, and 1-10 unknown Doe employees of Schneider Electric. The Complaint contains two counts–Count I for defamation and Count II for malicious interference with advantageous relationship.

Plaintiff's claims stem from an allegedly false statement sent from someone at Defendant Schneider Electric to someone at Prairie State College, where Plaintiff was employed as a part-time instructor. In the section of his Complaint titled "Common Allegations," Plaintiff states that he was

an employee of Schneider Electric, working at their offices located in Crown Point, Indiana. On or about July 22, 2010, someone at Schneider Electric "sent an accusation that Plaintiff obtained or took some, at present unnamed, proprietary property belonging to Defendant without authority or the permission of the Defendant." Compl. ¶ 3. Plaintiff further inartfully alleges that "the known Defendant, Veiled and unspecified property, which known Defendant stated was stolen or taken without authority by Plaintiff was published to persons and administrators of Prairie State College, to which Plaintiff was employed during all times material hereto, as a part-time instructor." *Id*. at 4. Plaintiff alleges that the accusations are untrue. He also alleges that the accusations "have damaged and lowered" his reputation and character within his community among those persons to whom he was known and with his employer, Prairie State College. He further alleges that the untrue accusations have affected his reputation and character as well as caused him financial harm because he was dismissed from his employment with Prairie State College.

In Count I, Plaintiff brings a defamation per se claim. Plaintiff alleges that Schneider Electric, from its location in Crown Point, Indiana, "intentionally published a statement directly and by innuendo, which was untrue, about the character (honesty) of Plaintiff who was employed with Schneider Electric" to Plaintiff's other employer, Prairie State College, which represents "the community in which Plaintiff was known, damaging the [Plaintiff's] reputation in that community and to the effect of the general public, in that Prairie State College re-published [the] statements generally to many members and employees of Prairie State College who know and worked with Plaintiff." Compl. ¶ 12.

In Count II, Plaintiff asserts a claim of malicious interference with advantageous relationship. Plaintiff alleges that Schneider Electric employed Plaintiff out of its offices in Crown Point, Indiana, that Schneider Electric was aware that Plaintiff was a part-time instructor at Prairie State College, and that Schneider Electric "knowingly and intentionally published a statement to Prairie State College accusing Plaintiff of taking or appropriating 'proprietary property' of

2

Defendant without authority, permission or right, knowing to a substantial degree that this false statement would cause Prairie State College to take negative action against Plaintiff." Compl. ¶ 17. Plaintiff alleges that Prairie State College informed him that he was being dismissed from his position as a part-time instructor of an accredited course, which he had held for six years, "because Prairie State College was told by Defendant that Plaintiff had taken, or appropriated 'proprietary' property of said Defendant without permission or authority." *Id*. ¶ 18.

On March 20, 2012, the case was removed to this Court by Defendant Schneider Electric based on diversity jurisdiction. Schneider Electric asserts that it is incorporated in the State of Delaware and has its principle place of business in the State of Illinois. Thus, pursuant to 28 U.S.C. § 1332(c)(1), Schneider Electric is a citizen of Delaware and Illinois. Schneider Electric further states that Plaintiff is a resident of the State of Indiana and, thus, is a citizen of Indiana. Under 28 U.S.C. § 1441(b)(1), the citizenship of defendants sued under fictitious names is disregarded. Finally, Defendant asserts facts in support of its assertion that the amount in controversy exceeds $75,000.[1]

On March 28, 2012, Defendant filed the instant Motion to Dismiss and a Brief in Support. On May 13, 2012, Plaintiff filed a Response to Defendants' Motion to Dismiss,[2] and Defendant filed a Reply to Plaintiff's Response to Motion to Dismiss Complaint on May 18, 2012.[3]

---

[1] Plaintiff's Response to Defendants' Motion to Dismiss, filed May 13, 2012, makes a vague reference to the possibility that Defendant's Notice of Removal may have been untimely and asserts that he "reserv[es] the right of objection." Pl. Br., p. 1. However, pursuant to 28 U.S.C. § 1447(c), a motion to remand on the basis of any defect other than lack of subject matter jurisdiction *must* be made within 30 days after the filing of the notice of removal. Defendants' Notice of Removal was filed on March 20, 2012. Thus, any argument by Plaintiff that Defendants' Notice of Removal was untimely is itself untimely and will not be considered by the Court.

[2] Plaintiff's response and his brief in support are woefully inadequate. Both are riddled with typographical, spelling, grammatical, and legal errors. In addition, the brief does not include page numbers, is not double spaced, and uses 11 point Calibri font; pursuant to Northern District of Indiana Local Rule 5-4, submitted briefs must use at least 12 point font, be double spaced, and have consecutively numbered pages.

[3] In the reply brief, Defendant argues that Plaintiff's response brief is untimely because the court-ordered deadline for the response brief was Friday, May 11, 2012, and Plaintiff did not file the brief until Sunday, May 13, 2012. Because the delay was minimal and because the Court recommends denial of the Motion to Dismiss based on deficiencies in Defendant's arguments, the Court declines to strike the response brief under these circumstances.

## STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on such a motion, the Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1082-83 (7th Cir. 2008).

To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint must first comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). Second, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570); *see also Tamayo*, 526 F.3d at 1082. The Supreme Court explained that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotation marks and brackets omitted); *see also Iqbal*, 556 U.S. at 678-79; *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Determining whether a complaint states a plausible claim for relief requires the Court to draw on its judicial experience and common sense. *Iqbal*, 556 U.S. at 679.

## ANALYSIS

In the Motion to Dismiss, Defendant Schneider Electric ("Defendant") seeks dismissal of both claims brought in Plaintiff's Complaint. First, Defendant asks the Court to dismiss the claim of defamation per se in Count I on the basis that Plaintiff has failed to plead his claim with the specificity required under Indiana state law pleading standards. Second, Defendant argues that the

claim of malicious interference with advantageous relationship in Count II should be dismissed because, under Indiana law, the only conduct upon which Plaintiff relies to support this claim–the alleged defamation–cannot support a tortious interference claim under Indiana law. The Court considers each count in turn.

### A. Count I – Defamation

Defendant begins with a choice-of-law analysis to determine whether the applicable state law is that of Indiana or Illinois.[4] Defendant correctly recognizes that a federal district court sitting in diversity applies the forum state's choice-of-law rules to determine the applicable substantive law. *Bamcor LLC v. Aluminum Corp.*, 767 F. Supp. 2d 959, 967 (N.D. Ind. 2011); *see also Auto-Owners Ins. Co. v. Websolv Computing, Inc.*, 580 F.3d 543, 547 (7th Cir. 2009) ("When a federal court hears a case in diversity . . . it applies the choice-of-law rules of the forum state to determine which state's substantive law applies."). Thus, this Court applies Indiana's choice-of-law rules.

Defendant also recognizes the principle that, "[i]n tort cases, Indiana's choice-of-law analysis is a multiple-step inquiry." *Popovich v. Weingarten*, 779 F. Supp. 2d 891, 896 (N.D. Ind. 2011) (citing *Simon v. United States*, 805 N.E.2d 798, 805 (Ind. 2004)). First, a court must determine whether the differences between the laws of the contact states are "important enough to affect the outcome of the litigation." *Id.* If there is no conflict between the purpose or policy of the laws of both states, a "false conflict exists, and the forum's law applies." *Klein v. Depuy, Inc.,* 476 F. Supp. 2d 1007, 1010 (N.D. Ind. 2007).[5] At this step, Defendant concludes that there is not a

---

[4] Plaintiff resides in Indiana and works for Defendant in Indiana. Prairie State College, where Plaintiff worked as a part-time instructor and where the alleged defamatory statements were received, is in Illinois. In its choice-of-law analysis under Count II of the Complaint, Defendant represents that Prairie State College is in Indiana, citing paragraph 4 of the Complaint. However, there is no reference in paragraph 4 or anywhere else in the Complaint that Prairie State College is located in Indiana. In fact, the official Prairie State College website indicates that the school's campuses are located in Chicago Heights, Illinois. *See* http://prairiestate.edu/gen/gen-camp.html (last visited Nov. 15, 2012).

[5] If a conflict exists, "the presumption is that the traditional *lex loci delicti* rule (the place of the wrong) will apply." *Simon v. United States*, 805 N.E.2d 798, 805 (Ind. 2004) (citing *Hubbard Mfg. Co. v. Greeson*, 515 N.E.2d 1071, 1073 (Ind. 1987)). Under the *lex loci delicti* rule, "the court applies the substantive laws of the 'state where the last event necessary to make an actor liable for the alleged wrong takes place.'" *Id*. (quoting *Hubbard*, 515 N.E.2d at

5

significant difference between Indiana and Illinois defamation law because both states require that defamation claims be pled with specificity.

However, when comparing state laws in a choice-of law-analysis, it is the *substantive* laws and not the procedural laws that are compared to determine if there is a conflict. *See Hubbard Mfg. Co., Inc. v. Greeson*, 515 N.E.2d 1071, 1073 (Ind. 1987) (comparing the substantive laws of Illinois and Indiana in a choice-of-law analysis for a products liability claim); *see also Popovich*, 779 F. Supp. 2d at 895 (choice-of-law rules are used to determine which state's substantive law to apply). Moreover, heightened state pleading laws "of course [do] not apply in federal court." *Muzikowski v. Paramount Pictures Corp.*, 322 F.3d 918, 926 (7th Cir. 2003) (confirming that a federal court sitting in diversity does not apply heightened Illinois pleading rules and finding that the claim for defamation per se satisfied the federal notice pleading standard under Federal Rule of Civil Procedure 8 even though it would not have met Illinois' heightened pleading standard); *see also McGreal v. AT&T Corp.*, — F. Supp. 2d —, —, 2012 WL 4356683, *16 (N.D. Ill. Sept. 24, 2012) (citing *Muzikowski* and applying the federal Rule 12(b)(6) standard to a motion to dismiss for failure to state a claim of defamation per se brought under Illinois law).

Thus, based on an incorrect choice-of-law analysis, Defendant has concluded that a false conflict exists and that the law of the forum state (Indiana) applies; Defendant has compared each state's procedural pleading standards rather than each state's substantive defamation law. Notably, Plaintiff does not address choice-of-law, responding only that "Plaintiff clearly follows Indian [sic] law in pleading claim in Count I Defamation and Count II Interference with advantageous relationship. Plaintiffs' [sic] supporting brief sets forth plaintiff [sic] contentions in that regard."

---

1073). However, the presumption "may be overcome if the court is persuaded that the place of the tort 'bears little connection' to the legal action." *Simon*, 805 N.E.2d at 805 (internal quotation marks omitted) (quoting *Hubbard*, 515 N.E.2d at 1074). In such an instance, the court should consider additional contacts that may be more relevant "such as 1) the place where the conduct causing the injury occurred; 2) the residence or place of business of the parties; and 3) the place where the relationship is centered." *Id*. (quoting *Hubbard*, 515 N.E.2d 1073-74 (citing Restatement (Second) of Conflict of Laws § 145(2) (1971))).

Pl. Resp., p. 1. Yet, Plaintiff's supporting brief makes no mention of choice-of-law. As a result, neither party has engaged in a proper choice-of-law analysis as to whether there are differences between the defamation laws of Indiana and Illinois, yet both parties conclude that Indiana law applies.

When no party argues that any state's substantive law other than the forum state's law should apply, a court applies the substantive law of the forum state. *See Camp v. TNT Logistics Corp.*, 553 F.3d 502, 505 (7th Cir. 2009) (citing *Wood v. Mid-Valley Inc.*, 942 F.2d 425, 426 (7th Cir. 1991) ("Courts do not worry about conflict of laws unless the parties disagree on which state's law applies. We are busy enough without creating issues that are unlikely to affect the outcome of the case (if they were likely to affect the outcome the parties would be likely to contest them). We shall continue in this course.")); *Muzikowski*, 322 F.3d at 924 (confining the court's discussion to Illinois law because the parties agreed that Illinois law applied to the substance of plaintiff's claim); *Brunswick Leasing Corp. v. Wis. Cent., Ltd.*, 136 F.3d 521, 525-26 (7th Cir. 1998) (assuming, as did the district court, that Illinois law governed the substantive issues in the case) (citing *ECHO*, 52 F.3d at 707); *ECHO, Inc. v. Whitson Co., Inc.*, 52 F.3d 702, 707 (7th Cir. 1995) (finding that, because neither party argued that any state's substantive law other than Illinois' should apply, the substantive law of the forum state, Illinois, governs) (citing *Checkers, Simon & Rosner v. Lurie Corp.*, 864 F.2d 1338, 1345 (7th Cir. 1988) (citing *Matter of Iowa R. Co.*, 840 F.2d 535, 543 (7th Cir. 1988))); *Kritikos v. Palmer Johnson, Inc.,* 821 F.2d 418, 421 (7th Cir.1987) (holding that the parties' failure to raise a choice-of-law issue on appeal resulted in a waiver of the issue); *Westfield Ins. Co. v. Hill*, 790 F. Supp. 2d 855, 859 (N.D. Ind. 2011) (noting that the parties agreed that the applicable substantive law in that case was the law of Indiana) (citing *Camp*, 553 F.3d at 505).

Thus, because the parties agree that the law of the forum state applies, the Court applies Indiana substantive law to Defendant's Motion to Dismiss Count I. However, Defendant's sole basis for dismissal of Plaintiff's defamation claim is that Plaintiff failed to sufficiently plead the

claim under Indiana pleading standards for defamation claims. As set forth above, heightened state pleading rules do not apply in federal court. *Muzikowski*, 322 F.3d at 926; *McGreal*, — F. Supp. 2d at —, 2012 WL 4356683, at *16. Because Defendant has not argued that Plaintiff's Complaint fails to state a claim of defamation under the federal pleading standard articulated by the United States Supreme Court in *Twombly* and *Iqbal* and because the Court will not conduct the analysis for Defendant, the Court recommends that Defendant's Motion to Dismiss the defamation claim in Count I be denied.

### B. Count II – Malicious Interference with Advantageous Relationship

As with Count I, Defendant begins its argument on Count II with a choice-of-law analysis, concluding that Indiana law applies; Plaintiff again offers no choice-of-law analysis. Applying Indiana law, Defendant first argues for dismissal of the claim because the tort of malicious interference with advantageous relationship does not exist under Indiana law. Defendant then argues that, even if the Court interprets the claim as one of tortious interference with a business relationship, which Defendant asserts is the most similar claim under Indiana law, Count II must be dismissed because the tort of interference with a business relationship requires that an independent illegal action also be pled and defamation does not meet this requirement.

The Court begins with Defendant's choice of law analysis. Because neither Indiana nor Illinois has recognized the tort of malicious interference with advantageous relationship, Defendant identifies and compares the analogous torts under the laws of Indiana and Illinois. Under Indiana law, Defendant concludes that Plaintiff's claim is one of tortious interference with a business relationship. Under Illinois law, Defendant concludes that Plaintiff's claim is one of tortious interference with a prospective economic advantage. The Court considers each in turn.

Defendant correctly represents that Indiana does not recognize a claim for malicious interference with an advantageous relationship. *See United Consumers Club, Inc. v. Bledsoe*, 441 F. Supp. 2d 967, 982 (N.D. Ind. 2006) (stating that the court was unaware of any Indiana law recognizing the tort of interference with an advantageous relationship and consequently interpreting the counterclaim as one for tortious interference with a business relationship ); *Furno v. Citizens Ins. Co. of Am.*, 590 N.E.2d 1137, 1140 (Ind. Ct. App. 1992) (considering whether a plaintiff who initially plead a claim of tortious interference with an advantageous relationship had stated a claim for interference with a business relationship or for interference with a contract, finding that plaintiff had failed to state a claim under either theory).

Defendant then determines that the most analogous tort under Indiana law is tortious interference with a business relationship. Def. Br., p. 4 (citing *Bledsoe*, 441 F. Supp. 2d at 982). The Court disagrees. Although Indiana courts have interpreted a claim of malicious interference with an advantageous relationship as a claim for tortious interference with a business relationship under Indiana law, those cases did not involve interference with an employee-employer relationship. *See Bledsoe*, 441 F. Supp. 2d 967 (involving plaintiffs and defendants in a franchisee/franchisor relationship); *Furno*, 590 N.E.2d at 1139 (involving a plaintiff chiropractor who sued the insurance carrier of one of his patients after the carrier advised the patient by letter that it would stop paying for future treatment by the chiropractor).

In contrast, in the context of an employment at will relationship, Indiana courts interpret a claim of interference with employment relationship as one of tortious interference with a contractual relationship. *See Bochnowski v. Peoples Fed. Sav. & Loan Ass'n*, 571 N.E.2d 282, 284-85 (Ind. 1991) (reversing the court of appeals and holding that an at will employee can bring a claim of

tortious interference with a contractual relationship under Indiana law); *Trail v. Boys and Girls Club of Nw. Ind.*, 845 N.E.2d 130, 138 (Ind. 2006) (recognizing that an employee at will can bring a claim of tortious interference with a contractual relationship in a case in which an employee's contract had expired but the employee was continuing to work for the employer in an at will capacity when the interference occurred); *see also Dietz v. Finlay Fine Jewelry Co.*, 754 N.E.2d 958, 970 (Ind. Ct. App. 2001) (using the terms "interference with employment relationship" and "interference with employment contract" interchangeably); *Bradley v. Hall*, 720 N.E.2d 747, 751 (Ind. Ct. App. 1999) (rejecting the parties' characterization of the at will employee plaintiff's claim as one for interference with a business relationship and holding that the plaintiff stated a claim for interference with a contractual relationship). "An employee with an at will employment contract must be able to expect that his continued employment depends on the will of his employer and not upon the whim of a third party interferer." *Bochnowski*, 571 N.E.2d at 285. However, "a plaintiff bringing an action for intentional interference with an at will employment contract must show that the defendant interferer acted intentionally and without a legitimate business purpose. *Dietz*, 754 N.E.2d at 970 (citing *Bochnowski*, 571 N.E.2d at 285).

In this case, Plaintiff alleges that he was employed by Prairie State College and that Defendant intentionally published the alleged untrue statement to Prairie State College. Thus, under Indiana law, the Court considers Plaintiff's claim in Count II to be one for tortious interference with a contractual relationship.

Under Illinois law, Defendant asserts, and the Court agrees, that the closest analogous tort to Plaintiff's claim of malicious interference with advantageous relationship is a claim of interference with a prospective economic advantage. *See Fellhauer v. City of Geneva*, 568 N.E.2d

870, 877-79 (Ill. 1991) (recognizing that, although an at-will employee cannot prevail under the theory of tortious interference with a contract, the employee may still plead a claim of intentional interference with a prospective economic advantage); *Atanus v. Am. Airlines, Inc.*, 932 N.E.2d 1044, 554 (Ill. App. Ct. 2011) (citing *Fellhauer*, 568 N.E.2d 870); *Larry Karchmar, Ltd. v. Nevoral*, 707 N.E.2d 223, 228 (Ill. App. Ct. 1999) ("An action for tortious interference with a contract terminable at will is classified as one for intentional interference with prospective economic advantage.").

Because Defendant incorrectly identified the applicable Indiana substantive law, Defendant's comparison of the Indiana and Illinois substantive laws to determine if there is an important difference is inapplicable. In that comparison, Defendant reasons that, because an Indiana claim of tortious interference with a business relationship requires a separate illegal action, which is not satisfied by a claim of defamation, *see Levee v. Beeching*, 729 N.E.2d 215, 222-23 (Ind. Ct. App. 2000), and because an Illinois claim of tortious interference with a prospective economic advantage under Illinois law may be brought based on libel or slander, *see Colucci v. Chi. Crime Comm'n*, 334 N.E.2d 461, 468 (Ill. App. Ct. 1975), an important difference in the laws exists such that Indiana's choice-of-law rules must be applied to determine which state's substantive law to apply. Defendant then conducts that analysis and concludes that Indiana law applies.[6]

However, Plaintiff's claim is not one of interference with a business relationship but rather one of interference with a contractual relationship. Because a claim of interference with a

---

[6] Applying the *lex loci delicti* rule, *see supra* note 5 (summarizing the rule's application under Indiana choice-of-law principles), Defendant argues that the last event necessary to make Defendant liable for the alleged wrong to Plaintiff is the place where the recipient (Prairie State College) received the alleged defamatory communication. Defendant represents that Prairie State College is in Indiana and concludes that, because the alleged statement was received by "persons and administrators" at Prairie State College, Indiana law applies. However, as explained in note 4 above, the official Prairie State College website indicates that the school's campuses are located in Chicago Heights, Illinois. Thus, Defendant's application of Indiana law on this basis is inaccurate as well. Because it is unnecessary to the determination of this motion, the Court makes no assessment of what the outcome would be under the Indiana choice-of-law rules for tort claims with Illinois as the place where the statement was received.

11

contractual relationship does *not* require independent illegal conduct, *see Bradley*, 720 N.E.2d at 751 (noting that illegal conduct is an element of interference with a business relationship, but not interference with a contract), the important difference identified by Defendant does not exist. As with Count I, both parties contend that Indiana law applies to Count II and do not argue that any other state's substantive law applies, which again leads the Court to apply the law of the forum state–Indiana.

Applying Indiana law, Defendant first moves to dismiss Count II on the basis that Indiana law does not recognize a claim of malicious interference with an advantageous relationship. Because the Court finds that Plaintiff is bringing a claim for tortious interference with a contractual relationship, which is recognized under Indiana law, the Court recommends that the Motion to Dismiss be denied on this basis.

Defendant then moves to dismiss Count II on the basis that Plaintiff did not plead "some independent illegal action," which is required for a claim of tortious interference with a business relationship. *Bledsoe*, 441 F. Supp. 2d at 982; *see also Brazauskas v. Fort Wayne-South Bend Diocese, Inc.*, 796 N.E. 2d 286, 291 (Ind. 2003) ("In Indiana, this tort requires some independent illegal action."). Defendant further argues that defamation does not meet the requirement of an independent illegal action. *Bledsoe*, 441 F. Supp. 2d at 982. However, as set forth above, the Court has found that Plaintiff's claim is not one of interference with a business relationship but rather is a claim of interference with a contractual relationship, which does not require a showing of separate illegal conduct. *See Bradley*, 720 N.E.2d at 751 (noting that illegal conduct is an element of interference with a business relationship, but not interference with a contract). Thus, the basis of Defendant's motion to dismiss Count II is not applicable to Plaintiff's claim of tortious interference

12

with a contractual relationship. As a result, the Court recommends that the presiding judge deny the Motion to Dismiss as to Count II.

## CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that the District Court **DENY** Defendant's Motion to Dismiss [DE 9].

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(C). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen (14) days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court. The failure to file a timely objection will result in waiver of the right to challenge this Recommendation before either the District Court trial Judge or the Court of Appeals. *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); *The Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-261 (7th Cir. 1989); *Lebovitz v. Miller*, 856 F.2d 902, 905 n.2 (7th Cir. 1988).

SO ORDERED this 16th day of November, 2012.

                                                               s/ Paul R. Cherry
                                                                MAGISTRATE JUDGE PAUL R. CHERRY
                                                               UNITED STATES DISTRICT COURT

cc:    All counsel of record