UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| BENNIE KENNEDY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 2:12-CV-122-JD |
| | ) | |
| SCHNEIDER ELECTRIC f/k/a SQUARE D COMPANY and JOHN DOES 1-10, | ) ) | |
| | ) | |
| Defendants. | ) | |

## **OPINION and ORDER**

On February 10, 2012, the Plaintiff Bennie Kennedy filed a complaint in state court against his employer Schneider Electric and its unknown employees John Does 1-10 asserting claims of defamation (Count I) and malicious interference with advantageous relationship (Count II) [DE 1]. On March 20, 2012, Defendant filed a notice of removal asserting jurisdiction based on diversity[1] [DE 2] and filed a motion to dismiss for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6) [DE 9]. Plaintiff filed a response to the motion to dismiss [DE 15][2] and Defendant filed a reply [DE 17]. Upon referral of the motion, on November 16, 2012, Magistrate Judge Cherry issued a Report and Recommendation indicating that the motion ought to be denied [DE 19]. No party filed a timely objection to the Report and Recommendation. For the reasons set forth below, the Court hereby adopts the Report and Recommendation in its

---

[1]After removal of the case on March 20, 2012, no motion to remand on any procedural defect was timely filed. *See* 28 U.S.C. § 1447(c) (a motion to remand on the basis of any defect other than lack of subject matter jurisdiction must be made within thirty days after the filing of the notice of removal).

[2]Despite the Plaintiff's belated filing of the response, the Court considers the same because the delay was minimal (only two days late) and consideration of the response does not change the outcome of this Order.

entirety.

## I. BACKGROUND

The litigation arises from an allegedly false statement sent from an unknown individual working at Schneider Electric to someone at Prairie State College, where Mr. Kennedy was employed as a part-time instructor [DE 1]. Mr. Kennedy was also employed by Schneider Electric, working at its Crown Point, Indiana office [DE 1 at 1]. According to the complaint, on or about July 22, 2010, someone at Schneider Electric "sent an accusation that 'Plaintiff' obtained or took some, at present unnamed, proprietary property belonging to 'Defendant(s)' without authority or the permission of the 'Defendant(s).'" *Id*. Mr. Kenney further alleges that "the known 'Defendant(s),' Veiled and unspecified property, which known 'Defendant(s)' stated was stolen or taken without authority by 'Plaintiff' was published to persons and administrators of Prairie State College, to which 'Plaintiff' was employed during all times material hereto, as a part-time instructor." *Id*. Mr. Kenney asserts that the Defendants' accusations are untrue and "have damaged and lowered" his reputation and character within his community and "among the persons to whom he was known and with whom he was employed, to-wit, Prairie State College." *Id*. He further alleges that the untrue accusations were published in writing and verbally and have affected his reputation and character as well as caused him financial harm because he was dismissed from his employment with Prairie State College. *Id*. at 1-2.

In Count I, Mr. Kennedy brings a defamation per se claim alleging that Schneider Electric, from its location in Crown Point, Indiana, "intentionally published a statement directly and by innuendo, which was untrue, about the character (honesty) of 'Plaintiff' who was employed with Schneider Electric" to Mr. Kennedy's other employer, Prairie State College,

which represents "the community in which 'Plaintiff' was known, damaging the 'Plaintiff['s]' reputation in that community and to the effect of the general public, in that Prairie State College re-published [the] statements generally to many members and employees of Prairie State College who know and worked with 'Plaintiff.'" [DE 1 at 2]. Mr. Kennedy asserts that Defendants knew that the statements were false. *Id*.

In Count II, Mr. Kennedy asserts a claim of malicious interference with advantageous relationship [DE 1 at 3]. Mr. Kennedy alleges that Schneider Electric was aware that Mr. Kennedy was a part-time instructor at Prairie State College and that Schneider Electric "knowingly and intentionally published a statement to Prairie State College accusing 'Plaintiff' of taking or appropriating 'proprietary property of Defendant(s)' without authority, permission or right, knowing to a substantial degree that this false statement would cause Prairie State College to take negative action against 'Plaintiff.'" *Id*. Plaintiff further asserts that Prairie State College informed him that he was being dismissed from his position as a part-time instructor of an accredited course, which he had held for six years, "because Prairie State College was told by 'Defendant(s)' that 'Plaintiff' had taken, or appropriated 'proprietary' property of said 'Defendant(s)' without permission or authority." *Id*.

Schneider Electric moved to dismiss Mr. Kennedy's claims on the grounds that the defamation claim (Count I) is not pled with sufficient specificity under Indiana law and the malicious interference claim (Count II) cannot be supported by the conduct alleged in the complaint [DE 9]. Magistrate Judge Cherry issued his report recommending that the motion to dismiss be denied [DE 19], to which no party has timely objected.

## II. DISCUSSION

### A. Standard of Review

The district court has discretion to accept, reject, or modify, in whole or in part, the findings or recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1). Consistent with Federal Rule of Civil Procedure 72(b), the district court must undertake a de novo review "only of those portions of the magistrate judge's disposition to which specific written objection is made." *See Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) (citing *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995)). If no objection or only a partial objection is made, the court reviews those unobjected portions for clear error. *Id*. Under the clear error standard, the court can only overturn a magistrate judge's ruling if the court is left with "the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir.1997). Here, the Magistrate Judge employed the proper standard of review for a motion to dismiss under Rule 12(b)(6) [DE 19 at 4], and the Court reviews his uncontested recommendation for clear error.

### B. Count I: Defamation

The Magistrate Judge held, and the parties agreed, that Indiana law applies to this case. *See Camp v. TNT Logistics Corp*., 553 F.3d 502, 505 (7th Cir. 2009) ("[a]s a federal court sitting in diversity, we apply state substantive law and federal procedural law.") (citation omitted). Thus, the substantive rights of the parties are governed by Indiana law. *See Mass. Bay Ins. Co. v. Vic Koenig Leasing, Inc.,* 136 F.3d 1116, 1120 (7th Cir. 1998) (*"*Courts do not worry about conflict of laws unless the parties disagree on which state's law applies."). However, in a diversity case, federal law governs procedure. *Fednav Intern. Ltd. v. Cont'l Ins. Co.,* 624 F.3d

834, 838 (7th Cir. 2010) (citation omitted).

In accordance with this precedent, and given its own review of the complaint, the Court agrees with the Magistrate Judge that the Defendant's argument that Mr. Kennedy failed to sufficiently plead a claim for defamation under Indiana's heightened pleading standard, has no merit given that this Court applies the federal pleading standard, and that the complaint satisfies that standard consistent with Rule 12 and the United States Supreme Court's holdings in *Twombly*[3] and *Iqbal*.[4] *See id.* at 837. *See Muzikowski v. Paramount Pictures Corp.,* 322 F.3d 918, 926 (7th Cir. 2003) (even if the state had heightened pleading requirement for defamation claims, plaintiff need only satisfy the federal notice pleading requirements of Rule 8); *see also Martino v. W. & S. Fin. Group,* No. 3:08-CV-308-TS, 2009 WL 3444652 *6 (N.D. Ind. Oct. 22, 2009) (finding that a heightened pleading standard should not be imposed on the Plaintiff's defamation claim); *Cain v. Elgin, Joliet & E. Ry. Co.*, No. 2:04-CV-347, 2005 WL 1172722 *3-5 (N.D. Ind. May 3, 2005) (same). Given that this is the only argument made by Schneider Electric in support of its requesting dismissal of the defamation claim (Count I), the Court denies the request to dismiss Count I and adopts the Report and Recommendation in this respect.

## C. Count II: Malicious Interference with Advantageous Relationship

Relative to Count II which alleges a claim for malicious interference with advantageous relationship, Schneider Electric argues that Indiana does not recognize such a claim, and although it recognizes the similar claim of tortious interference with a business relationship, defamation does not constitute an independent illegal action. *See United Consumers Club, Inc. v.*

---

[3]*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

[4]*Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

*Bledsoe*, 441 F.Supp.2d 967, 982 (N.D. Ind. 2006) (noting that Indiana does not recognize the tort of interference with advantageous relationships and interpreting the claim as one for tortious interference with a business relationship).

While Defendant's position is valid, the Court is required to consider whether Mr. Kennedy could prevail on Count II under any legal theory. *County of McHenry v. Ins. Co. of the W.,* 438 F.3d 813, 818 (7th Cir. 2006). For instance, the elements of an action for tortious interference with a contract are: (1) the existence of a valid and enforceable contract; (2) defendant's knowledge of the existence of the contract; (3) defendant's intentional inducement of breach of the contract; (4) the absence of justification; and (5) damages resulting from defendant's wrongful inducement of the breach. *Melton v. Ousley,* 925 N.E.2d 430, 440 (Ind. Ct. App. 2010) (citation omitted). As the Magistrate Judge determined, Mr. Kennedy plausibly alleges a claim for tortious interference with a contractual relationship given the allegations that his employment as a part-time instructor with Prairie State College, of which Defendants "were aware," was terminated after the "knowing[] and intentional[]" interference occurred. *See Bochnowski v. Peoples Fed. Sav. & Loan Ass'n*, 571 N.E.2d 282, 284-85 (Ind. 1991) (reversing the court of appeals and holding that an at will employee can bring a claim of tortious interference with a contractual relationship under Indiana law); *see also Bradley v. Hall*, 720 N.E.2d 747, 751 (Ind. Ct. App. 1999) (rejecting the parties' characterization of the at will employee plaintiff's claim as one for interference with a business relationship and holding that the plaintiff stated a claim for interference with a contractual relationship, which does not require the plaintiff to plead or prove illegality in order to sustain the cause of action). Accordingly, the Court adopts Magistrate Judge Cherry's recommendation that the request to dismiss Count II be

denied.

### III. CONCLUSION

Having reviewed the unopposed Report and Recommendation and finding no clear error therein, the Court ADOPTS the Report and Recommendation in its entirety [DE 19].

Before concluding, the Court offers a final note on jurisdiction. Jurisdiction over this action is based on diversity, 28 U.S.C. § 1332, because Plaintiff is a resident and citizen of the State of Indiana and Schneider Electric is a citizen of Delaware and Illinois [DE 2 at 2]. The Defendant also asserts facts in support of its assertion that the amount in controversy exceeds $75,000 [DE 2 at 2-3], an assertion that Plaintiff does not contest [DE 2 at 3]. In addition, the complaint alleges that defendants Does 1–10 are responsible in some manner for the claims made, but unidentified Doe defendants are ordinarily not permitted in federal diversity suits. *See Howell v. Tribune Entm't Co.*, 106 F.3d 215, 218 (7th Cir. 1997). Diversity jurisdiction must be proved by the plaintiff rather than assumed as a default, *Moore v. Gen. Motors Pension Plans*, 91 F.3d 848, 850 (7th Cir. 1996), so "the existence of diversity jurisdiction cannot be determined without knowledge of every defendant's place of citizenship." *Howell*, 106 F.3d at 218; *see Rouben v. Parkview Hosp., Inc.*, No. 1:10–CV–397, 2010 WL 5027562 at *1 (N.D. Ind. Dec. 3, 2010) ("The clearly established requirement that diversity jurisdiction be plead on personal knowledge means that the plaintiff must actually state the identity of the 'John Doe' defendants to establish their citizenship—one cannot allege they have personal knowledge of the citizenship of unknown parties."). While some exceptions to the John Doe ban exist—when John Doe defendants "are merely nominal parties, irrelevant to diversity jurisdiction," or when a John Doe defendant will not defeat the named defendant's right to otherwise remove the case to federal

court—the Court is unable to determine whether these exceptions are applicable here. *See Howell*, 106 F.3d at 218. As a result, the Plaintiff is granted to and including **Monday, January 14, 2013**, to file an amended complaint establishing the citizenship of Defendants John Doe 1–10 or, alternatively, either party may show cause why the case as pled should not be remanded for lack of subject matter jurisdiction.

SO ORDERED.

ENTERED:   December 10, 2012

/s/ JON E. DEGUILIO
Judge
United States District Court