UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| BENNIE KENNEDY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 2:12-CV-122-JD |
| | ) |
| SCHNEIDER ELECTRIC f/k/a SQUARE D COMPANY and JOHN DOES 1-10, | ) ) |
| | ) |
| Defendants. | ) |

<u>OPINION and ORDER</u>

On December 11, 2012, the Court entered an order adopting the report and recommendation, thereby denying the motion to dismiss, and gave Plaintiff to and including Monday, January 14, 2013, to file an amended complaint establishing the citizenship of Defendants John Does 1 – 10 or, alternatively, allowed either party to show cause why the case as pled should not be remanded for lack of subject matter jurisdiction [DE 20]. Plaintiff did not file an amended complaint establishing the citizenship of Defendants John Does 1 – 10. However, on January 14, 2013, Defendant filed a response to the show cause order indicating that this Court has jurisdiction [DE 21]. The Court finds Defendant's argument persuasive for the reasons set forth below.

**BACKGROUND**

On February 10, 2012, the Plaintiff Bennie Kennedy filed a complaint in state court asserting claims of defamation and malicious interference with advantageous relationship [DE 1]. On March 20, 2012, Defendant filed a notice of removal asserting jurisdiction based on diversity, 28 U.S.C. § 1332 [DE 2]. Plaintiff is a resident and citizen of the State of Indiana, Defendant Schneider Electric is a citizen of Delaware and Illinois [DE 2 at 2], and Defendant

asserts uncontested facts in support of its position that the amount in controversy exceeds $75,000 exclusive of interest and costs [DE 2 at 2-3]. However, Plaintiff's complaint also alleges that Defendants Does 1 – 10 are responsible in some manner for the claims made [DE 1], which caused the Court to want further explanation as to whether the Plaintiff could identify the then unknown parties, and if not, whether the unknown citizenship of Does 1 – 10 would destroy diversity at the outset.

**DISCUSSION**

In 2011, Congress amended the removal statute, 28 U.S.C. § 1441, adding subsection (b)(1), which states:

> In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.

Formerly, the mandate to disregard fictitious defendants was under 28 U.S.C. § 1441(a)- a revision which took place because until then "the general rule [was] that a joinder of Doe defendants defeats diversity jurisdiction unless their citizenship can be established. . . . These problems can be avoided by the disregard of fictitious defendants for purposes of removal." *Rothner v. City of Chi.,* 879 F.2d 1402, 1418 (7th Cir. 1989) (quoting H.R.Rep. No. 100-889 at 71), *superseded by statute on other grounds as recognized in Integra Bank, N.A. v. Greer,* No. IP 4:02-CV-244 B/H, 2003 WL 21544260, at *3 n.4 (S.D. Ind. June 26, 2003).

Because this case was removed to federal court from state court, 28 U.S.C. § 1441(b)(1) applies and the citizenship of defendants sued under fictitious names ("Doe" defendants) is disregarded in determining diversity for removal purposes. *See Howell by Goerdt v. Tribune Entm't Co.*, 106 F.3d 215, 218 (7th Cir. 1997) (noting exception that naming John Doe defendants will not defeat named defendants' right to remove, but only in removal cases) (citing

2

28 U.S.C. § 1441(a)); *Thornburg v. Stryker Corp.*, No. 1:05-CV-1378RLY-TAB, 2006 WL 211952, at *2 (S.D. Ind. Jan. 27, 2006) (removal allowed because the Court may not consider the anonymous Indiana defendants' citizenship to assess the existence of diversity jurisdiction); *see also Universal Commc'n Sys., Inc. v. Lycos, Inc.*, 478 F.3d 413, 426 n. 10 (1st Cir. 2007) (the presence of John Does does not destroy diversity jurisdiction in cases removed to federal court); *Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002) ("The citizenship of fictitious defendants is disregarded for removal purposes and becomes relevant only if and when the plaintiff seeks leave to substitute a named defendant.").

Because Defendants John Does 1 – 10 are unknown, their citizenship will be disregarded at this time and removal based on diversity jurisdiction under 28 U.S.C. § 1332 was proper. Because the Court concludes that it has diversity jurisdiction over this case, litigation of the case shall resume in the normal course.

SO ORDERED.

ENTERED: February 22, 2013

/s/ JON E. DEGUILIO
Judge
United States District Court