# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| BENNIE KENNEDY, | ) |
| --- | --- |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 2:12-CV-122-PRC |
| | ) |
| SCHNEIDER ELECTRIC f/k/a | ) |
| SQUARE D COMPANY, | ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter is before the Court on a Motion Under 28 U.S.C. §455 [DE 63] filed by Plaintiff Bennie Kennedy on June 30, 2016. No response has been filed, and the time in which to do so has expired.

In the Motion, Plaintiff requests that the undersigned recuse himself, pursuant to 28 U.S.C. § 455(a) and (b)(1) from this litigation and from an unrelated case. The request that the undersigned recuse himself from the unrelated case is not properly brought in the instant matter, and that request is denied.

Plaintiff asserts that recusal is warranted because the undersigned made "extrajudicial[1] accusation/comments of a personal and professional nature" against Plaintiff's counsel in the Court's September 5, 2014 Opinion and Order granting summary judgment in favor of Defendant. Plaintiff further argues that the undersigned's consideration, in granting summary judgment, of the affidavit of Dean Hansel is grounds for recusal. Finally, Plaintiff contends that the undersigned cannot issue a ruling on the pending motion to set aside the judgment because Plaintiff, in that motion, asserts bias by the undersigned as a ground for relief.

---

[1] Though Plaintiff uses the term "extrajudicial," Plaintiff refers to statements made in an opinion and order issued by the undersigned in this litigation. Therefore, these statements are judicial and are not "extrajudicial".

There is a general presumption that a court acts according to the law and not personal bias or prejudice. *Withrow v. Larkin*, 421 U.S. 35, 47 (1975). 28 U.S.C. § 455(a) provides: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "The standard in any case for a § 455(a) recusal is whether the judge's impartiality could be questioned by a reasonable, well-informed observer." *Matter of Hatcher*, 150 F.3d 631, 637 (7th Cir. 1998). The Seventh Circuit Court of Appeals has explained that § 455(a) "asks whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits. This is an objective inquiry." *Hook v. McDade*, 89 F.3d 350, 354 (7th Cir. 1996) (quoting *In re Mason*, 916 F.2d 384, 385-86 (7th Cir. 1990)). To prevail on a request for recusal, the facts alleged must be sufficiently definite and particular to convince a reasonable person that bias exists.

Under 28 U.S.C. § 455(b)(1), a judge must recuse himself when he "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). Recusal under Section 455(b)(1) "is required only if actual bias or prejudice is proved by compelling evidence." *Hook*, 89 F.3d at 355 (internal quotation omitted). As the Supreme Court has explained, neither judicial rulings nor opinions formed by the judge as a result of current or prior proceedings constitute a basis for recusal "unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality recusal motion." *Id.*

Plaintiff contends that the undersigned should recuse himself because the undersigned, in the September 5, 2014 Opinion and Order granting summary judgment, noted that "Plaintiff's brief,

a mere eight pages long, does not cite a single case." (Op. & Order, 2, Sept. 5 2014, ECF No. 49, 2014 WL 4388147). Plaintiff focuses his argument on the phrase "mere eight pages" and states that there is no minimum length required for response briefs. However, the thrust of the sentence is the failure to cite case law. The undersigned also noted in a footnote that Plaintiff's attorney had previously filed a short response brief that failed to cite case law. Neither Plaintiff nor his attorney suffered a penalty for the length of the response brief. Further, the undersigned's statements that the response brief does not cite case law and that this is not the first time Plaintiff's attorney had filed such a brief do not raise a question regarding the undersigned's impartiality, nor does it provide compelling evidence of personal bias or prejudice concerning Plaintiff.

Plaintiff next argues that the undersigned's Order and Opinion granting summary judgment in favor of Defendant shows partiality because, Plaintiff asserts, Dean Hansel's affidavit submitted as evidence by Defendant is facially false. Plaintiff asserts that the affidavit is facially false because "the affiant, Dean Hansel, was personally informed by a fellow administrator with Prairie State College that Plaintiff Bennie Kennedy was, in fact, qualified to teach classes at Prairie State College and had been teaching the same classes for over six (6) years." (Mot. at 5, ECF No. 63). Though Plaintiff asserts that the undersigned "clearly ignored the contradiction within the materials submitted by [Defendant] Schneider Electric," *id.* at 6, the Plaintiff has not identified a facial falsehood contained within the affidavit. Plaintiff's asserted contradiction, that is, that Dean Hansel had been informed by an administrator of Kennedy's qualifications, does not appear in the affidavit, so there is no facial contradiction on this point. Because Plaintiff has not shown the affidavit to be facially false, the Court declines to address whether consideration of a facially false affidavit in ruling on a summary judgment motion would require recusal.

Finally, Plaintiff asserts that, because there is a pending motion to set aside judgment that alleges that the undersigned is biased, that the undersigned cannot rule on that motion. The asserted biases in that motion are largely the same as those asserted in the instant motion. The undersigned is not required to recuse himself from this matter simply because Plaintiff alleges judicial bias. *See In re Mann*, 229 F.3d 657, 658 (7th Cir. 2000). Further, "judge shopping" should not be encouraged, and, therefore, Plaintiff must do more than merely contend that the undersigned is unable to rule impartially on the pending motion in order for recusal to be warranted. *See id.* at 658-59.

The undersigned has no personal bias or prejudice concerning any party to this litigation. Further, a reasonable, well-informed observer would not question the undersigned's impartiality based on the September 5, 2014 Opinion and Order granting summary judgment in favor of Defendant.

Based on the foregoing, the Court hereby **DENIES** the Motion Under 28 U.S.C. §455 [DE 63].

So ORDERED this 1st day of March, 2017.

        s/ Paul R. Cherry
        MAGISTRATE JUDGE PAUL R. CHERRY
        UNITED STATES DISTRICT COURT