# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| BENNIE KENNEDY, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>SCHNEIDER ELECTRIC f/k/a )<br>SQUARE D COMPANY, )<br>    Defendant. ) | CAUSE NO. 2:12-CV-122-PRC |

## OPINION AND ORDER

This matter is before the Court on a Plaintiff's Rule 60(d)(3) Notice and Motion to Set Aside Judgment for Fraud on the Court [DE 60] filed by Plaintiff Bennie Kennedy on May 24, 2016, and on Defendant Schneider Electric's Motion for Sanctions [DE 68], filed on July 13, 2016.

## PROCEDURAL BACKGROUND

Plaintiff originally filed his two-count Complaint in Lake County, Indiana, Circuit Court on February 10, 2012. The Complaint alleges that Defendant Schneider Electric, Inc., Plaintiff's employer, defamed him (Count I) and interfered with an advantageous relationship (Count II) when one of its employees contacted Prairie State College (PSC), the community college where Plaintiff taught part time.

This matter was removed to the United States District Court for the Northern District of Indiana on the basis of diversity of citizenship on March 20, 2012. On March 28, 2012, Defendants filed a Motion to Dismiss. On December 11, 2012, that motion was denied.

On March 7, 2014, Defendant filed a Motion for Summary Judgment. On April 25, 2014, Plaintiff filed a response to the Motion for Summary Judgment. In the response, which cited no case law, Plaintiff asked that summary judgment be granted in his favor. Attached to the response was an undated affidavit and exhibits to the affidavit. On May 8, 2014, Defendant filed a Rule 56 Motion

to Strike the response and affidavit, including its attachments, and filed a separate reply to the response to the Motion for Summary Judgment. Plaintiff did not file a response to the Rule 56 Motion to Strike.

On September 5, 2014, the Court granted the Rule 56 Motion to Strike as to the affidavit and its attachments and denied it as moot as to the response. In the same Opinion and Order, the Court granted Defendant's Motion for Summary Judgment and denied Plaintiff's request for summary judgment in his favor. The Clerk of Court entered judgment in favor of Defendant the same day.

On May 24, 2016, Plaintiff filed the Motion to Set Aside Judgment. On July 1, 2016, Defendant filed a response. Plaintiff filed a reply on July 6, 2016. This motion is ripe and ready for ruling.

On July 13, 2016, Defendant filed the Motion for Sanctions. Plaintiff filed a response on July 19, 2016. Defendant has not filed a reply, and the time in which to do so has passed. This motion is also ripe and ready for ruling.

On May 8, 2013, the undersigned Magistrate Judge was advised that all non-Doe parties had filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. The Doe Defendants were severed from this case, and this Court thus has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

## ANALYSIS

### I. MOTION TO SET ASIDE JUDGMENT

In the first sentence of the Motion to Set Aside Judgment, Plaintiff states that he is filing it pursuant to several subsections of Federal Rule of Civil Procedure 60. In his reply, however,

Plaintiff clarifies that he is only bringing the motion under Rule 60(d)(3). In the briefing of this, a few preliminary matters have arisen, which the Court will resolve before turning to its analysis of the request to set aside the judgment.

**A. Preliminary Matters**

*1.     Request to Join Motion to Complaint against Prairie State College*

Plaintiff states that the Court should "attach this motion to the Complaint filed simultaneously against Prairie State College." (Mot. at 25). Plaintiff has not set forth any legal basis or argument why such an action would be appropriate. Further, even if such a remedy were available or appropriate, Plaintiff has not identified any lawsuit filed against PSC with sufficient particularity, stating only that a Complaint was filed "simultaneously with this Motion." *Id.* at 24. This request is denied.

*2.     Admissibility of Plaintiff's Evidence*

Defendant argues that emails that Plaintiff has submitted are hearsay. Plaintiff asserts that he has authenticated the emails via his affidavit. The emails at issue contain out of court statements, and, despite Plaintiff's statement that the emails show the writer's state of mind, Plaintiff presents them for the truth of the matter asserted in the emails. As such, these emails are hearsay, and the Court will not consider them in its analysis.

*3.     Professional Duties of Counsel*

Plaintiff asks the Court to take judicial notice of the professional duty of attorneys to vigorously advocate for their clients. Plaintiff has not identified the source of this duty. Per Northern District of Indiana Local Rule 83-5(e), Indiana's Rules of Professional Conduct and the Standards for Professional Conduct Within the Seventh Federal Judicial Circuit govern the conduct of

attorneys practicing in this District.

    The Court takes judicial notice of the following provisions in Indiana's Rules:

> **Rule 1.1 Competence**: A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation.
> **Rule 1.3 Diligence**: A lawyer shall act with reasonable diligence and promptness in representing a client.
> **Rule 3.1 Meritorious Claims and Contentions**:
> A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous, which includes a good faith argument for an extension, modification or reversal of existing law. . . .

Ind. R. Prof. Conduct 1.1, 1.2, & 3.1.

    Additionally, the Preamble to the Standards for Professional Conduct Within the Seventh Federal Judicial Circuit provides: "In fulfilling our duty to represent a client vigorously as lawyers, we will be mindful of our obligations to the administration of justice, which is a truth-seeking process designed to resolve human and societal problems in a rational, peaceful, and efficient manner."

    Finally, though Plaintiff's counsel states that he mainly practices in state court, Plaintiff's counsel is admitted to practice in the Northern District of Indiana and therefore has a duty to become familiar with and comply with the District's local rules.

4. *Request to Take Judicial Notice of "Public Community College Act"*

    Plaintiff asks the Court to take judicial notice of the "Public Community College Act." Plaintiff has not sufficiently identified the Act, such as providing a citation to the law or even identifying the legislative body that passed the act. This request is not well taken and is not granted.

5. *Defendant's Request for Fees*

    Defendant requests that the Court order Plaintiff to pay the costs awarded to Defendant after

4

entry of judgment in this litigation. The proper avenue for Defendant to pursue payment of these costs is through a motion for proceedings supplemental or a motion for writ of execution and not through its response here.

### B. Fraud on the Court

Federal Rule of Civil Procedure 60(d)(3) clarifies that Rule 60 does not limit a court's power to set aside a judgment for fraud on the court. Fraud on the court is often defined as actions that "defile the court." *In re Golf 255, Inc.*, 652 F.3d 806, 809 (7th Cir. 2011) (collecting cases). Because there is no deadline for filing a motion to set aside judgment for fraud on the court, fraud on the court must be defined narrowly in order to avoid opening up civil judgments to perpetual collateral attacks. *Id.* (quoting *Oxxford Clothes XX, Inc. v. Expeditors Int'l of Washington, Inc.*, 127 F.3d 574, 578 (7th Cir. 1997); citing *Drobny v. Comm'r of Internal Revenue*, 113 F.3d 670, 678 (7th Cir. 1997)). "Precisely because there is no deadline for asserting fraud on the court, such a motion must allege the kind of fraud that ordinarily couldn't be discovered, despite diligent inquiry, within a year, such as in cases where there are no grounds for suspicion and the fraud comes to light serendipitously." *Ventre v. Datronic Rental Corp.*, 482 F. App'x 165, 169 (7th Cir. 2012) (internal quotation marks omitted) (quoting *In re Golf 255, Inc.*, 652 F.3d at 809). "Fraud on the court is actionable only if it prejudices the adverse party." *Wickens v. Shell Oil Co.*, 620 F.3d 747, 759 (7th Cir. 2010) (citing *Oxxford Clothes XX, Inc.*, 127 F.3d at 578).

Examples of fraud on the court include " bribery of a judge or exertion of other undue influence on him, jury tampering, and fraudulent submissions by a lawyer for one of the parties in a judicial proceeding, such as tendering documents he knows to be forged or testimony he knows to be perjured." *In re Golf 255, Inc.*, 652 F.3d at 809. Because "perjury by witnesses is a known

5

danger and lawyers for the adverse party have ways of countering it through discovery, other investigatory means, and cross-examination," perjury by a witness (provided that it is not suborned by a lawyer in the case) is not fraud on the court. *Id.* A lawyer's perjury, however, is fraud on the court. *Id.* The party seeking to set aside a judgment for fraud on the court must prove fraud by clear and convincing evidence. *Wickens*, 620 F.3d at 759 (citing *Ty Inc. v. Softbelly's, Inc.*, 517 F.3d 494, 498 (7th Cir. 2008)).

Plaintiff requests that the Court set aside the judgment due to fraud on the court. The main arguments Plaintiff makes for this relief are based on statements made by the undersigned Magistrate Judge in his September 5, 2014 Opinion and Order [DE 49] granting summary judgment in favor of Defendant and actions and statements made by Defendant's counsel in this litigation. The Court will address both of these bases and will then address other, less-developed arguments for relief presented by Plaintiff.

*1.    Statements of the Undersigned Magistrate Judge*

Plaintiff takes issue with statements that the undersigned Magistrate Judge made in the September 5, 2014 Opinion and Order [DE 49] granting summary judgment in favor of Defendant in this litigation. The statements are as follows. "Plaintiff's brief, a mere eight pages long, does not cite a single case." (Op. and Order, 2, ECF No. 49). "The writing is ungrammatical, and the brief does not follow the formatting requirements listed in Northern District of Indiana Local Rule 5-4." *Id.* The Court also included the following citation in support of its statement that this was not the first time that Plaintiff's counsel had made these errors before this Court.

> *See, e.g.*, *Brooks v. Menard, Inc.*, 2:10-CV-490-PRC, 2013 WL 6577514, at *1 (N.D. Ind. Dec. 16, 2013) ("The response brief is two pages in length. The 'Statement of Material Facts Indispute [sic]' lists no facts. Nearly every sentence has at least one spelling or grammatical error. Many sentences are incoherent. The brief wrongly

6

> cites rules and does not even cite a single case. Nor did Davis [Plaintiff's counsel] respond to [Defendant's] Motion to Strike or Motion for Summary Ruling.").

*Id.* at 2, n.1.

As the analysis in that Opinion and Order make clear, the Court granted summary judgment in favor of Defendant because there was no genuine issue of material fact as to damages for Counts I and II. Because the admissible evidence submitted with the summary judgment briefing showed that Plaintiff's alleged damages were not caused by Defendant, the Court granted summary judgment. The undersigned Magistrate Judge's statements regarding Plaintiff's counsel's advocacy were not part of the analysis of the merits of the Motion for Summary Judgment, and there is therefore no prejudice to Plaintiff due to the Court's statements. There is no actionable fraud on the court here. Further, there is no fraud; the statements are true and were not made in order to exert any undue influence on the judicial process.

To the extent Plaintiff alleges that the Court committed legal error in considering the Olson and Hansel documents or in striking Plaintiff's affidavit and the attached exhibits, such an argument should have been made in a motion to reconsider or on appeal. Plaintiff's argument appears to be that he has evidence to contradict statements made by Olson and Hansel. Even if true, Plaintiff has failed to show how this rises to the level of fraud on the court. Further, because Plaintiff made these same arguments in his response to the Motion for Summary Judgment, this is not the sort of matter that "ordinarily couldn't be discovered, despite diligent inquiry, within a year." *In re Golf 255, Inc.*, 652 F.3d at 809.

2. *Actions of Defendant's Counsel*

Next, Plaintiff argues that Defendant knowingly submitted perjured documents to the Court. If true, this would be an example of fraud on the court. *See In re Golf 255, Inc.*, 652 F.3d at 809

(listing the tendering of testimony the attorney knows to be perjured as an example of fraud on the court). Plaintiff argues that the deposition of Gloria Olson and the declaration of Dr. Marie Hansel are perjured. However, Plaintiff's argument in support of this do not provide clear and convincing evidence that perjury has occurred or that Defendant's counsel knew of any perjury.

Additionally, Plaintiff argues that the alleged perjured statements by Olson and Hansel alone are sufficient for setting aside the judgment for fraud on the court. However, "simple perjury by a witness (perjury not suborned by a lawyer in the case)" is not fraud on the court. *In re Golf 255, Inc.*, 652 F.3d at 809. The possibility that witnesses may be untruthful is the sort of known danger that should be countered through discovery, other investigatory means, and cross-examination. *Id.* This argument is not well-taken as an argument of fraud on the court, but the Court will address Olson's and Hansel's statements in the context of the argument that Defendant's counsel knowingly submitted perjured statements to the Court.

Regarding Olson's deposition testimony, Plaintiff contends that it must be perjured as to when Olson learned that Plaintiff taught at PSC. Olson stated that she learned that Plaintiff was teaching at the college in 2010. Plaintiff argues that Olson should have known, because of articles published prior to 2010 that Plaintiff taught at PSC. However, Olson testified to what she *did know*. Plaintiff's argument of when Olson *should have known* does not show Olson's testimony to be perjured.

Plaintiff also argues that Olson must have committed perjury regarding proprietary information. Olson testified that she called PSC and asked it to provide Defendant with a copy of the syllabus for any course taught by Plaintiff to ensure that Defendant's proprietary information was not being misused. Plaintiff contends that this must be perjured testimony because Olson was

not able to provide a definition of proprietary information at her deposition. Plaintiff has again failed to show that Olson committed perjury. He has failed to show that Olson's purpose in contacting the college was not for the purpose of protecting Defendant's proprietary information. Further, Plaintiff has not identified any specific passage in which Olson has "no idea of what proprietary material represented," as Plaintiff asserts. (Reply at 11, ECF No. 66). Plaintiff's deposition testimony reveals at least a basic understanding of what constitutes Defendant's proprietary information.

Plaintiff also asserts that Dr. Marie Hansel's declaration is perjured. Plaintiff states that the declaration is false "on its face," but he points to no facial contradictions in the declaration. Instead, Plaintiff maintains that the timing of Dr. Hansel's review of Plaintiff's teaching credentials in light of the phone call from Olson is suspicious. Suspicious timing is not clear and convincing evidence of perjury and is not sufficient to impute knowledge of perjury on Defendant's counsel.

Plaintiff also contends that Plaintiff was qualified to teach at community colleges pursuant to the "Public Community College Act," which Plaintiff does not adequately identify in order to enable the Court to review the Act's provisions. Plaintiff states that Hansel must have perjured herself because she must have been aware of the Act. Hansel's declaration, however, states that Plaintiff failed to meet the Higher Learning Commission's requirements. She makes no statements about Plaintiff's qualifications under the requirement of the "Public Community College Act." There is no direct conflict between what Plaintiff represents is in the Act and what Hansel states in her declaration. Plaintiff has not shown the declaration to contain perjury.

Plaintiff's sole contention is that, for the reasons he stated in asserting that Olson and Hansel committed perjury, Defendant's counsel must have known that Olson's deposition testimony and Hansel's declaration contained perjury. Based on this, Plaintiff asserts that Defendant's counsel's

9

submission of these documents to the Court constitutes fraud on the court. Because Plaintiff has not met his burden to show that either Olson or Hansel committed perjury, Plaintiff has not shown that Defendant's counsel perpetrated fraud on the court. Plaintiff's request to set aside the judgment due to fraud on the court in the form of submission of known perjury is denied.

Plaintiff also asserts that Defendant's counsel's support of the Opinion and Order issued granting summary judgment in Defendant's favor is a conflict of interest, because Defendant's counsel represents Defendant and not the Court. Here, Defendant's counsel's support was in favor of a position favorable to Defendant. Plaintiff's assertion of impropriety here is not well-taken. Plaintiff also asserts that Defendant improperly referred to the *Brooks* case, as Defendant and its counsel took no part in that litigation. That case, however, is a matter of public record, and, because Plaintiff raised the issue in his motion, Defendant's discussion of the case was appropriate.

Plaintiff also contends that Defendant falsely stated that Plaintiff admitted his lack of qualification in his deposition. That Plaintiff conceded in his deposition that he did not meet PSC's requirements for his position was determined in ruling on the Motion for Summary Judgment in this matter. The Motion to Set Aside Judgment is not the proper vehicle for Plaintiff to relitigate this matter, and the argument is not well taken.

Also not well taken is the argument that Defendant is seeking to curry favor with the Court by characterizing as an "attack" the collective arguments that Plaintiff raised regarding the undersigned Magistrate Judge's statements in the Opinion and Order. The Court does not exist to serve as an editor for the parties' motions, briefs, and pleadings, and Defendant's word choice here does not warrant judicial review.

Plaintiff, in his reply brief, asserts that many statements that Defendant makes in its response

10

brief are themselves instances of fraud on the Court. Without citing evidence in support, Plaintiff contends that Defendant's statement that Defendant has no relationship with PSC is deception by Defendant's counsel. Plaintiff states that Defendant's counsel made this statement without reference to the record and is impermissible testimony by Defendant's counsel. It is Plaintiff's burden, not Defendant's, to show fraud on the court by clear and convincing evidence, and Plaintiff has not met that burden here. Also contrary to Plaintiff's assertion that Defendant's counsel was "testifying" in Defendant's brief, the fact that the brief does not cite to evidence for every statement does not render any portion of it testimony by Defendant's counsel. Plaintiff cited no law in support of his argument on this issue, and it is not well taken.

*3.     Other Underdeveloped Arguments*

Plaintiff asserts that Defense counsel inserted "bogus" documents into the record. Far from providing clear and convincing evidence in support of such fraud, Plaintiff has not even identified any documents that he claims are counterfeit. This argument is not well taken.

Similarly, Plaintiff states that he has shown by clear and convincing evidence that there was an unconscionable plan or scheme to improperly influence the Court's Summary Judgment Opinion, but he has provided no evidence of such a plan or scheme, and he has further failed to state specifically what the plan or scheme was. This argument is not well taken.

Plaintiff also argues that PSC and Schneider colluded. Again, there is a lack of specificity to this argument and no clear and convincing evidence supporting it. This argument is not well taken.

**II. MOTION FOR SANCTIONS**

Defendant seeks sanctions under Federal Rule of Civil Procedure 11 regarding Plaintiff's

Rule 60(d)(3) Motion to Set Aside the Judgment filed in this case on May 24, 2016. Defendant argues that Plaintiff's motion (1) is a re-hashing of old evidence and has not been brought within a reasonable time, (2) lacks evidentiary support, and (3) is not warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.

> Federal Rule of Civil Procedure 11(b) provides:
>
> By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--
> 
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Fed. R. Civ. P. 11(b). Rule 11(c) allows the Court, on motion by a party, to impose sanctions, including attorney's fees, for a violation of Rule 11(b). *See* Fed. R. Civ. P. 11(c)(1)(A).

The Court may impose sanctions under Rule 11(c) for "submissions that are filed for an improper purpose or without reasonable investigation of the facts and law necessary to support their claims." *Senese v. Chicago Area I.B. of T. Pension Fund*, 237 F.3d 819, 823-24 (7th Cir. 2001) (citing Fed. R. Civ. P. 11(b), (c); *Fries v. Helsper*, 146 F.3d 452, 458 (7th Cir. 1998); *Mars Steel Corp. v. Continental Bank N.A.*, 880 F.2d 928, 932-33 (7th Cir. 1989) (en banc)); *see also Cuna*

*Mut. Ins. Soc. v. Office and Prof'l Employees Int'l Union, Local 39*, 443 F.3d 556, 561 (7th Cir. 2006) (holding that Rule 11(c) "allows courts to impose sanctions on a party if the requirements of Rule 11(b) are not met"); *Nat'l Wrecking Co. v. Int'l Bhd. of Teamsters, Local 731*, 990 F.2d 957, 963 (7th Cir. 1993).

In determining whether Rule 11 sanctions are warranted, the Court must "undertake an objective inquiry into whether the party or his counsel should have known that his position was groundless." *Cuna*, 443 F.3d at 560 (quoting *Nat'l Wrecking Co.*, 990 F.2d at 963). As Rule 11 is an objective test, the Seventh Circuit Court of Appeals has repeatedly observed that an "empty head but a pure heart is no defense," *U.S. Bank Nat. Ass'n, N.D. v. Sullivan-Moore*, 406 F.3d 465, 470 (7th Cir. 2005) (quoting *Chambers v. Am. Trans Air, Inc.*, 17 F.3d 998, 1006 (7th Cir. 1994)), and that Rule 11 "requires counsel to read and consider before litigating," *id.* (quoting *Thornton v. Wahl*, 787 F.2d 1151, 1154 (7th Cir. 1986)).

Plaintiff's motion sought to set aside the judgment for fraud on the court. Out of the many assertions that Plaintiff made in support of his Motion to Set Aside the Judgment, only three of the contentions maintained that someone had taken an action that, if true, would possibly rise to the level of fraud on the court. These assertions are:

(1) Defendant's counsel submitted documents to the Court that Defendant's counsel knew to contain perjured statements;
(2) Defendant's counsel submitted bogus documents to the Court;
(3) Defendant's counsel made false statements to the Court.

Plaintiff also, in a conclusory manner, stated that he had shown an unconscionable plan to improperly influence the Court's decision on summary judgment. Out of these assertions and conclusory statement, only the first assertion—that Defendant's counsel knowingly submitted perjured materials to the Court—was supported by substantial argument. Plaintiff did not identify

any documents that he purported to be bogus, and the Court, in its summary judgment ruling, already resolved the issue—in Defendant's favor—of asserted false statements made by Defendant's counsel.

Though the assertion regarding knowing submission of perjury was supported with argument, the argument was insufficient. In essence, Plaintiff argued that there were statements in deposition testimony and in a declaration that could not be true because the deponent and declarant should have known other information or because the deponent knew little about proprietary information, and proprietary information was deponent's stated motivation for contacting PSC. Plaintiff's argument for fraud on the court lacked evidentiary support because there is no evidence that Defendant's counsel knew the statements to be perjured and because the arguments that the statements must be perjured are logically flawed.

Plaintiff's counsel signed the Rule 60(d)(3) Motion and presented it to the Court. Had Plaintiff's counsel made a reasonable investigation of the facts and law necessary to support a motion to set aside judgment for fraud on the court, he would have found that Plaintiff's Motion was not warranted by existing law. Plaintiff's counsel made no non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law. Pursuant to Rule 11(c), sanctions are warranted.

Defendant requests that it be awarded its reasonable costs and attorney fees incurred in responding to the Motion to Set Aside the Judgment and in bringing the instant Motion for Sanctions. The Court finds that these sanctions "suffice[ ] to deter repetition of the conduct or comparable conduct by others similarly situated," Fed. R. Civ P. 11(c)(4), and grants the request. The sanction is imposed on Plaintiff's counsel, John H. Davis, and not Plaintiff. *See id.* at

11(c)(5)(A) ("The court must not impose a monetary sanction . . . against a represented party for violating Rule 11(b)(2) . . . ."); *see also id.* at 11(c)(1) ("[T]he court may impose an appropriate sanction on any attorney . . . that violated the rule.").

**CONCLUSION**

Based on the foregoing, the Court hereby **DENIES** Plaintiff's Rule 60(d)(3) Notice and Motion to Set Aside Judgment for Fraud on the Court [DE 60].

Further, the Court **GRANTS** Defendant Schneider Electric's Motion for Sanctions [DE 68] and **ORDERS** Plaintiff's attorney John H. Davis to pay the reasonable attorney's fees and other expenses incurred by Defendant in responding to Plaintiff's Motion to Set Aside the Judgment and in bringing the instant motion.

The Court **ORDERS** Defendant to file, on or before **March 15, 2017**, a verified statement of expenses with supporting documentation. Any response must be filed within fourteen days of the statement being filed, and any reply must be filed within seven days of the filing of a response.

So ORDERED this 1st day of March, 2017.

s/ Paul R. Cherry  
MAGISTRATE JUDGE PAUL R. CHERRY  
UNITED STATES DISTRICT COURT