UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| BENNIE KENNEDY, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.: 2:12-CV-122-JPK |
| | ) |
| SCHNEIDER ELECTRIC f/k/a | ) |
| SQUARE D COMPANY, | ) |
|     Defendant. | ) |

## OPINION AND ORDER

This matter is before the Court on a Verified Motion to Stay Proceedings to the Chief Judge Theresa L. Springmann [DE 97] filed on December 28, 2018, by Attorney John H. Davis, who is counsel for Plaintiff Bennie Kennedy. Defendant Schneider Electric Company has not filed a response, and the deadline by which to do so has passed.

Though the merits of this case have been resolved, the enforcement of a sanctions award against Davis remains pending. The award was upheld by the Seventh Circuit Court of Appeals, and Davis has filed a petition for writ of certiorari on the matter.

In the motion, Davis requests that a stay of this case be issued by Chief Judge Theresa L. Springmann until Davis's petition for writ of certiorari is resolved. Though Davis requests a ruling by Chief Judge Springmann on the motion, the undersigned has the authority to rule on the motion pursuant to 28 U.S.C. § 636, Northern District of Indiana Local Rule 72-1(b), and Northern District of Indiana General Order 2018-2.

Davis argues that the previously assigned Magistrate Judge, the Honorable Paul R. Cherry,[1] improperly struck an earlier version of this motion, as Davis had asked in that motion that Judge Cherry be removed from this case. Judge Cherry's striking of the previous motion was proper. He

---
[1] Magistrate Judge Cherry retired at the end of 2018.

struck the previous motion for a procedural reason, the failure to comply with a local rule. Additionally, the statutory provision that governs disqualification of judges anticipates that the judge at issue will determine whether disqualification is proper. 28 U.S.C. § 455 ("(a) Any justice, judge, or magistrate judge of the United States shall *disqualify himself* in any proceeding in which his impartiality might reasonably be questioned. (b) He shall also *disqualify himself* in the following circumstances . . . ." (emphasis added)). Further, the case cited by Davis, *Offut v. United States*, 348 U.S. 11 (1954), provides a procedure whereby the judge assigned to a case invites the reassignment of a case in which that judge has "become personally embroiled" with a party. 348 U.S. at 17. *Offut* does not provide a litigant with a means by which to automatically change the judge assigned to hear a motion. Davis has not shown that the previous motion should have been ruled on by Chief Judge Springmann solely by virtue of Davis's request. With regard to the instant motion, it is before the undersigned and not Judge Cherry. Thus, Davis's arguments that Judge Cherry should not rule on this motion need not be addressed.

Davis requests that this matter be stayed pending resolution of his petition for writ of certiorari. 28 U.S.C. § 2101 provides:

> In any case in which the final judgment or decree of any court is subject to review by the Supreme Court on writ of certiorari, the execution and enforcement of such judgment or decree may be stayed for a reasonable time to enable the party aggrieved to obtain a writ of certiorari from the Supreme Court. The stay may be granted by a judge of the court rendering the judgment or decree or by a justice of the Supreme Court, and may be conditioned on the giving of security, approved by such judge or justice, that if the aggrieved party fails to make application for such writ within the period allotted therefor, or fails to obtain an order granting his application, or fails to make his plea good in the Supreme Court, he shall answer for all damages and costs which the other party may sustain by reason of the stay.

28 U.S.C. § 2101(f). Three conditions must be met for a stay to be proper:

> First, there must be a reasonable probability that certiorari will be granted (or probable jurisdiction noted). Second, there must be a significant possibility that the judgment below will be reversed. And third, assuming the applicant's position on

2

the merits is correct, there must be a likelihood of irreparable harm if the judgment
is not stayed.

*Philip Morris USA, Inc. v. Scott*, 561 U.S. 1301, 1301 (2010) (Scalia, J. in chambers) (citing *Barnes v. E-Systems, Inc. Group Hosp. Med. & Surgical Ins. Plan*, 501 U.S. 1301, 1302 (1991) (Scalia, J., in chambers)); *see also Grede v. FCStone, LLC*, 584 B.R. 238, 248 (N.D. Ill. 2018) (applying the *Philip Morris* standard at the district court level). Davis has not shown that any of these three conditions are met.

Based on the foregoing, the Court hereby **DENIES without prejudice** the Verified Motion to Stay Proceedings to the Chief Judge Theresa L. Springmann [DE 97]. The Court **EXTENDS** the deadline to **February 6, 2019**, for Attorney John H. Davis to (1) pay $10,627.16 to Defendant Schneider Electric as ordered by the Court on March 30, 2017, and (2) file a verified notice with the Court that he has paid the award.

So ORDERED this 23rd day of January, 2019.

s/ Joshua P. Kolar  
MAGISTRATE JUDGE JOSHUA P. KOLAR  
UNITED STATES DISTRICT COURT