**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| BENNIE KENNEDY, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:12-CV-122-JVB-JPK |
| | ) | |
| SCHNEIDER ELECTRIC f/k/a | ) | |
| SQUARE D COMPANY, | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on a Verified Motion to Stay Further Proceedings, in the Alternative, Extension of Time to Comply with Court's Order [DE 101], filed by John H. Davis, counsel for Plaintiff Bennie Kennedy, on February 5, 2019, and on a Verified 2nd Objection to the Exercise of Jurisdiction of the Newly Appointed Magistrate Judge Joshua P. Kolar in the Above Captioned Case [DE 104], filed by Davis on February 9, 2019. Defendant Schneider Electric ("Schneider") filed a response to the Motion to Stay on February 21, 2019.

This matter is also before the Court on a Verified Motion to Strike Defendant's Response in Opposition to Plaintiff's Request for Extension of Time Which Is Being Submitted to Article III Judge [DE 108], filed by Davis on February 27, 2019.

## PROCEDURAL HISTORY

This case was filed in Lake County, Indiana, Circuit Court in February 2012 and was removed to this Court on March 20, 2012. Plaintiff brought claims of defamation and malicious interference with an advantageous relationship against Defendant Schneider Electric.[1] Schneider filed a motion to dismiss, which the Court denied.

---

[1] Claims against multiple Doe parties were severed and ultimately dismissed by Judge Jon E. DeGuilio in November 2014.

The case was initially assigned to District Court Judge Jon E. DeGuilio as the presiding

judge and Magistrate Judge Paul R. Cherry as the referral judge. A Notice and Consent form dated

April 30, 2013, and signed by counsel for Plaintiff and counsel for Schneider is on the docket at

entry number 28. The form indicates that the parties consented to "a magistrate judge's authority."

(Notice and Consent, ECF No. 28). The form did not specify that the parties were consenting to

Judge Cherry in particular. On May 8, 2013, after the Court received consent forms from all parties,

the case was reassigned to Judge Cherry as the sole presiding judge.

The case proceeded through discovery. After discovery closed, Schneider filed a motion

for summary judgment, which the Court granted on September 5, 2014.

On April 13, 2016, Plaintiff filed a motion to set aside the judgment, which was stricken

for procedural reasons. The motion was refiled on May 24, 2016. Plaintiff filed a motion to

disqualify Judge Cherry on June 30, 2016. On July 13, 2016, Schneider filed a motion for sanctions

against Plaintiff and Attorney Davis. On March 1, 2017, the Court denied the motion to disqualify

Judge Cherry, denied the motion to set aside the judgment, and granted the motion for sanctions.

The Court found:

> Had Plaintiff's counsel made a reasonable investigation of the facts and law
> necessary to support a motion to set aside judgment for fraud on the court, he would
> have found that Plaintiff's Motion was not warranted by existing law. Plaintiff's
> counsel made no non-frivolous argument for extending, modifying, or reversing
> existing law or for establishing new law. Pursuant to Rule 11(c), sanctions are
> warranted.

(Op. & Order, ECF No. 72). The Court awarded in favor of Schneider and against Davis

Schneider's reasonable costs and attorney fees incurred in defending against the motion to set aside

judgment and in bringing the motion for sanctions, an amount later determined to be $10,627.16.

Plaintiff and Davis appealed the Court's orders on the motion to disqualify Judge Cherry,

motion to set aside judgment, and motion for sanctions and the order awarding $10,627.16 to

Schneider. On June 19, 2018, the Seventh Circuit Court of Appeals affirmed the Court's rulings. Davis's petition for panel rehearing was denied. On October 22, 2018, the Plaintiff and Davis filed a Petition for a Writ of Certiorari, seeking review from the Supreme Court of the United States. *See* Petition for Writ of Certiorari, *Kennedy v. Schneider Electric*, (No. 18-885) (Oct. 22, 2018). That petition was denied on March 4, 2019.

On October 26, 2018, Schneider filed a motion to find Davis in contempt, or, alternatively, to enforce the sanctions award. Davis did not file a response to that motion. Instead, he filed a motion to stay proceedings and change the presiding judge—who was Judge Cherry. Schneider's motion was granted as to the request to enforce the sanctions award. Davis was ordered to pay the sanctions award by January 22, 2019. Davis's motion to stay was stricken for failure to comply with Northern District of Indiana Local Rule 7-1(a). Davis refiled his motion to stay on December 28, 2018, asking that the enforcement of the sanctions award be stayed until after the Supreme Court of the United States resolves his petition for writ of certiorari.

Judge Cherry retired, and on January 4, 2019, the case was reassigned to the undersigned magistrate judge. On January 7, 2019, the Court issued an Order that gave the parties an opportunity to object to the undersigned continuing to preside over this case. The parties were offered this option to object even though they had previously consented to the authority of "a magistrate judge" and not Judge Cherry specifically. After the objection was filed, the case was reassigned to Judge Joseph S. Van Bokkelen as the presiding judge. The undersigned remained on the case as magistrate judge in a referral role.

Before the case was reassigned to Judge Van Bokkelen as the presiding judge, the undersigned denied without prejudice the refiled motion to stay, finding that, though Davis asked for a ruling from Chief Judge Theresa L. Springmann, the undersigned had authority to rule on the

non-dispositive motion. The Court also found that Davis had not met the standard for a stay pending resolution of his petition for writ of certiorari. The Court extended to February 6, 2019, Davis's deadline to pay the sanctions award.

## DAVIS'S MOTION TO STAY OR EXTEND DEADLINES AND MOTION TO STRIKE

Davis filed the instant motion to stay or extend deadlines on February 5, 2019. He again asks for a stay of the enforcement of the sanctions award pending resolution of his petition for writ of certiorari. He also requests the alternative relief of an extension of time to comply with the order to pay the sanctions award. He asks for an extension of at least six months and represents that he is a solo practitioner and does not have the funds necessary to satisfy the sanctions award on hand.

On January 6, 2019, the Court denied without prejudice the request for a stay, finding that Davis had not met the standard for a stay pending the resolution of a petition for writ of certiorari. The Court took under advisement the request for an extension of time and indicated that the briefing on the matter would follow the deadlines as set forth in the local rules. The Court also ordered Davis to confer with counsel for Schneider regarding a possible agreed payment plan.

Schneider, in its response brief, represents that Davis failed to confer with Schneider as ordered by the Court. Schneider asks that the extension of time be denied on this basis.

Davis, in his Verified Motion to Strike, argues that Schneider missed its opportunity to respond to the instant motion because the Court indicated in a previous Opinion and Order that Schneider's deadline to respond to a prior motion to stay passed. Davis also seeks expenses and attorney's fees based on Schneider's response.

## DAVIS'S SECOND OBJECTION

On February 9, 2019, Davis filed his second objection to the exercise of jurisdiction by the undersigned. In the second objection, Davis argues that the grant of summary judgment in

Schneider's favor was incorrect and that, subsequently, the sanctions awarded against Davis are improper. Davis also argues that the Court cannot "interfere" with a pending petition for writ of certiorari and that "any additional order of the District Court such as requiring the plaintiffs to put up a bond until the appeal is exhausted would also cause irreparable harm." (Verified 2nd Obj. 3, ECF No. 104).

Davis asserts that Judge Cherry "appeared to undermine the Federal Rule of Civil Procedure 83 by using Local Rules which are clearly controlled by Federal Rule of Civil Procedure 83 which takes precedence over Local Rules." *Id.* Because Davis does not clarify in what manner the rules were purportedly undermined, how he was adversely affected by Judge Cherry's actions, or what sort of relief he would like, the Court is unable to address or provide relief on the basis of this assertion.

Davis next cites to the code provision regarding a magistrate judge's ability to exercise civil contempt authority in cases in which the magistrate judge presides over the case by consent of the parties. Davis maintains that the undersigned "is not being given consent to preside over this case in any manner." *Id.*

Finally, Davis argues that he cannot comply with the Court's order to confer with counsel for Schneider about a possible agreed payment plan because it would "contradict the appeal before the United States Supreme Court and would be tantamount to creating a frivolous filing for a Petition for a Writ of Certiorari." *Id.* at 4.

## ANALYSIS

The issues of summary judgment and sanctions have been resolved and are not currently before the Court for consideration.

Davis has repeatedly asked the Court for a stay of the proceedings in this Court pending the resolution of his petition for writ of certiorari. Because the petition was denied on March 4, 2019, the issue is moot. Even if the issue were still before the Court, stays such as the one Davis requests are not automatic. As the Court stated in its January 23, 2019 Opinion and Order, stays pending the resolution of a petition for writ of certiorari are governed by 28 U.S.C. § 2101, which provides:

> In any case in which the final judgment or decree of any court is subject to review by the Supreme Court on writ of certiorari, the execution and enforcement of such judgment or decree may be stayed for a reasonable time to enable the party aggrieved to obtain a writ of certiorari from the Supreme Court. The stay may be granted by a judge of the court rendering the judgment or decree or by a justice of the Supreme Court, and may be conditioned on the giving of security, approved by such judge or justice, that if the aggrieved party fails to make application for such writ within the period allotted therefor, or fails to obtain an order granting his application, or fails to make his plea good in the Supreme Court, he shall answer for all damages and costs which the other party may sustain by reason of the stay.

28 U.S.C. § 2101(f).

Showing that a stay is proper is "a heavy burden." *Philip Morris USA, Inc. v. Scott*, 561 U.S. 1301, 1301 (2010) (Scalia, J. in chambers). Three conditions must be met for a stay to be proper.

> First, there must be a reasonable probability that certiorari will be granted (or probable jurisdiction noted). Second, there must be a significant possibility that the judgment below will be reversed. And third, assuming the applicant's position on the merits is correct, there must be a likelihood of irreparable harm if the judgment is not stayed.

*Id.* (citing *Barnes v. E-Systems, Inc. Group Hosp. Med. & Surgical Ins. Plan*, 501 U.S. 1301, 1302 (1991) (Scalia, J., in chambers)); *see also Grede v. FCStone, LLC*, 584 B.R. 238, 248 (N.D. Ill. 2018) (applying the *Philip Morris* standard at the district court level).

Though the Court provided the statutory language and articulated the three necessary conditions in its January 23, 2019 Opinion and Order, Davis failed to present the Court with a

request to stay the case that showed him to be entitled to that relief. In his second objection, Davis asserted that any further order of the Court—including one requiring the giving of security as contemplated in 28 U.S.C. § 2101(f)—would cause irreparable harm. Though this assertion alludes to part of the statute and one of the necessary conditions, Davis presented no argument regarding the other two conditions. By virtue of presenting no argument to the Court, Davis did not show that two of the conditions are met. The Court makes no finding regarding whether Davis met the irreparable harm condition, and, as noted above, the issue of a stay pending resolution of the petition for writ of certiorari is moot because the petition has been denied.

Davis next argues that the undersigned has exceeded his authority. On April 30, 2013, the parties signed a form consenting to "a magistrate judge's authority." The case was reassigned to Judge Cherry pursuant to that consent, and, upon Judge Cherry's retirement, the case was reassigned to the undersigned. Because the consent was not to Judge Cherry in particular but rather to a magistrate judge in general, the undersigned could have continued to preside over this case under 28 U.S.C. § 636(c). *Cf. Kalan v. City of St. Francis*, 274 F.3d 1150, 1151-52 (7th Cir. 2001) (finding the parties had not consented to jurisdiction by Magistrate Judge Gorence where "[t]he consent specified Magistrate Judge R.L. Bittner by name (as opposed to stating that the parties consented to proceed before 'a' magistrate judge)"). Though the parties were given the opportunity to object, which ultimately led to the reassignment of this case to Judge Van Bokkelen as the presiding judge, the undersigned had authority to preside over this case until the time of reassignment. The undersigned has made no finding of civil contempt. The motion for a contempt finding was ruled upon by Judge Cherry, who was presiding over this case by consent of the parties.

Because consent of the parties is not needed for a magistrate judge to rule on nondispositive matters, any objection Davis has to the undersigned continuing to rule on nondispositive matters has no effect on the undersigned's authority to rule on such matters. *Compare* 28 U.S.C. § 636(b)(1)(A), (1)(B), (3) (not requiring consent of the parties for assignment of particular duties to a magistrate judge) *with* 28 U.S.C. § 636(c) (requiring consent of the parties for a magistrate judge to exercise full jurisdiction over a case). Motions to stay or to extend deadlines are not dispositive motions and can be ruled upon by a magistrate judge without the consent of the parties, provided that the magistrate judge has been assigned such duties. *See Gramm v. Deere & Co.*, No. 3:14-cv-575, 2016 WL 10789859, *1 (N.D. Ind. Sept. 12, 2016) (reviewing a magistrate judge's motion to stay ruling under the standard for reviewing non-dispositive motions); *Town of Goodland v. Kessler Tank Co*, No. 4:13-cv-82, 2016 WL 3438500, *1 (N.D. Ind. Jun 23, 2016) (reviewing a magistrate judge's ruling on a motion to extend deadline under the standard for reviewing non-dispositive motions). Judge Van Bokkelen referred this case to the undersigned for the determination of non-dispositive matters pursuant to 28 U.S.C. § 636(b)(3), so the undersigned has authority in this case to issue rulings on motions to stay, to extend deadlines, or to strike.

Finally, Davis implicitly argues that he was unable to comply with the Court's order to confer with counsel for Schneider regarding a possible agreed payment plan because any agreement to pay "would be tantamount to creating a frivolous filing" out of his pending petition for writ of certiorari. However, payment of an award does not render moot a challenge to the order granting the award unless the payor relinquishes the right to seek repayment of the award if the order is overturned. *See Dale M. ex rel. Alice M. v. Bd. of Educ. of Bradley-Bourbonnais High Sch. Dist. No. 307*, 237 F.3d 813, 815 (7th Cir. 2001) (citing Fed. R. Civ. P. 62(d); *United States v. Hougham*, 364 U.S. 310, 312-13 (1960); *In re Farrell Lines, Inc.*, 761 F.2d 796 (D.C. Cir.1985)

(per curiam); *United States for Use and Benefit of H & S Indus., Inc. v. F.D. Rich Co.*, 525 F.2d 760, 764-65 (7th Cir. 1975); 11 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* § 2905, pp. 525-26 (2d ed. 1995)). With the denial of Davis's petition, though, this issue is now moot, and the pending matter is the request for an extension of time.

Extensions of time are governed by Federal Rule of Civil Procedure 6(b). In general, the Court must find good cause in order to extend a deadline. Davis represents that he is a solo practitioner and does not have the funds necessary to satisfy the sanctions award on hand. The Court finds that good cause exists for an extension, albeit a shorter extension than requested by Davis.

In his motion to strike, Davis argues that Schneider cannot respond to Davis's motion to stay because the Court stated that the deadline to respond to a previous motion to stay expired. This argument has no merit. Schneider has an opportunity to respond to each motion filed by Davis in this case. Davis also asserts that sanctions against Schneider are appropriate. However, the reasons provided in support of awarding sanctions are contrary to the Court's findings in this Opinion and Order and the law. Filing a non-frivolous response in opposition to a motion is not a violation of 18 U.S.C. § 1503. Therefore, the Court denies Davis's motion to strike.

## CONCLUSION

Based on the foregoing and finding good cause shown for an initial shorter extension of time, the Court hereby **GRANTS in part with relief different than requested** the Verified Motion to Stay Further Proceedings, in the Alternative, Extension of Time to Comply with Court's Order [DE 101] and **DENIES** the Verified Motion to Strike Defendant's Response in Opposition to Plaintiff's Request for Extension of Time Which Is Being Submitted to Article III Judge [DE 108].

The Court **EXTENDS** to **April 30, 2019**, the deadline for Davis to pay the sanctions award. Unless made subsequent to an agreed payment plan as addressed below, any future motion by Davis to extend this deadline should articulate his efforts to secure the funds necessary to satisfy the award.

Additionally, the Court **OVERRULES** the Verified 2nd Objection to the Exercise of Jurisdiction of the Newly Appointed Magistrate Judge Joshua P. Kolar in the Above Captioned Case [DE 104] and **REAFFIRMS** its prior order requiring Davis to confer with counsel for Schneider regarding a possible agreed payment plan and **EXTENDS** to **March 18, 2019**, the deadline by which to do so and, if such an agreement is achieved, to file a Status Report with the Court. Upon the agreement of the parties to a payment plan, the Court would be inclined to grant any motion to extend the deadline by which the sanctions award is to be paid in order to accommodate the agreed plan.

So ORDERED this 6th day of March, 2019.

s/ Joshua P. Kolar
MAGISTRATE JUDGE JOSHUA P. KOLAR
UNITED STATES DISTRICT COURT