# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| BENNIE KENNEDY, <br>     Plaintiff, <br><br> v. <br><br> SCHNEIDER ELECTRIC, INC., f/k/a <br> SQUARE D COMPANY, <br>     Defendant. | ) <br> ) <br> ) <br> )    CAUSE NO.: 2:12-CV-122-JVB-JPK <br> ) <br> ) <br> ) <br> ) |

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Verified Motion to Recuse Magistrate Judge Joshua P. Kolar [DE 136], filed by Plaintiff Bennie Kennedy on August 13, 2019. In the motion, Plaintiff asserts that Attorney David P. Radelet, who represents Defendant Schneider Electric, Inc., "has an extended prior professional association" with the undersigned and that, therefore, the undersigned magistrate judge should recuse himself from this case. (Mot. ¶ 3, ECF No. 136).

Plaintiff submitted an article as evidence. This article notes that Radelet is a past chair of the board of directors for the Heartland Alliance for Human Needs & Human Rights. (Mot. Ex. A. at 3, ECF No. 136-1). The article reports that Radelat was elected chairman of the board in the late 1990s and held that position for three years. *Id.* Plaintiff also submitted Heartland Alliance's 2007 annual report, which lists Radelet, Square D Foundation,[1] and the undersigned as donors.[2] (Mot. Ex. B. at 3, 5, ECF No. 136-2). In the 2007 report, Radelet is also listed as a member of the organization's "President's Council." *Id.* at 6.

---

[1] It is not definitively known to the Court whether Square D Foundation is connected to Schneider Electric, Inc., which was formerly known as Square D Company, but the Court assumes that there is such a connection for the purposes of the present motion's resolution.

[2] The annual report refers to donors as "investors."

The undersigned must disqualify himself in a proceeding in which he has a personal bias or prejudice against or in favor of a party or in which his impartiality might reasonably be questioned. 28 U.S.C. §§ 144, 455(a). Plaintiff argues that such disqualification is required here. However, the undersigned finds that recusal is not warranted in this case.

The annual report is from over a decade before the undersigned's appointment to the bench, and, though Radelet and Square D Foundation apparently were donors the same year that the undersigned was, no personal relationship developed between the undersigned and either Radelet or Square D Foundation. The undersigned has no memory of having ever so much as met Radelet or, for that matter, of having given to the Heartland Alliance.

"[A]ll judges come to the bench with a background of experiences, associations, and viewpoints. This background alone is seldom sufficient in itself to provide a reasonable basis for recusal." *Fairly v. Andrews*, 423 F. Supp. 2d 800, 820 (N.D. Ill. 2006) (quoting *Brody v. President & Fellow of Harvard College*, 664 F.2d 10, 11-12 (1st Cir. 1981)). In *Sierra Club v. Simkins Indus., Inc.*, stronger connections to the judicial officer than those present here did not mandate recusal. 847 F.2d 1109 (4th Cir. 1988), *abrogation on other grounds recognized by Friends of Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 149 F.3d 303, 307 n.4 (4th Cir. 1998). There, the judge had been a member of Plaintiff Sierra Club up until his appointment to the bench. *Id.* at 1116. Nonetheless, the Fourth Circuit Court of Appeals affirmed the judge's decision not to recuse himself, finding that "such prior association does not, in itself, form a reasonable basis for questioning a judge's impartiality." *Id.* at 1117. Judges should not recuse from cases where there is no justification for doing so. *U.S. v. Hanhardt*, 134 F. Supp. 2d 972, 975 (N.D. Ill. 2001) (citing *New York City Housing Dev. Corp. v. Hart*, 796 F.2d 976, 981 (7th Cir. 1986)); *see also* 28 U.S.C. § 455.

*In re Medrano Diaz*, 182 B.R. 654 (Bankr. D. P.R. 1995), is also similar. There, the judge was a Colonel in the Puerto Rico Air National Guard, one defendant was a Major in the same, and another defendant was a civilian employee at the commissary at the Air National Guard base. *Id.* at 656. There was no relationship between the civilian employee defendant and the judge, the Major's and the judge's assignments did not result in contact between the two, and there was no personal relationship. *Id.* at 657. The judge found that recusal was not required.

"[L]itigants are entitled to a judge free of personal bias, but not to a judge without any personal history before appointment to the bench." *Sierra Club*, 847 F.2d at 1117 (citing *Brody*, 664 F.2d at 11). There is no personal relationship between the undersigned and Radelet or Defendant. The undersigned has no personal bias or prejudice against or in favor of any party or counsel in this litigation. That the undersigned apparently was, over a decade before his appointment to the bench, a minor donor to an organization that Radelet has served and donated to is too attenuated of a connection for there to be a reasonable question of the undersigned's impartiality.

Further, to the extent Plaintiff argues that the undersigned's previous rulings in this case show partiality, such rulings standing alone are insufficient, as the recusal statutes "require bias to 'stem from an extrajudicial source.'" *Fairley*, 423 F. Supp. 2d at 803-04 (quoting *Liteky v. United States*, 510 U.S. 540, 544 (1994)).

Therefore, the Court hereby **DENIES** Plaintiff's Verified Motion to Recuse Magistrate Judge Joshua P. Kolar [DE 136].

So ORDERED this 22nd day of August, 2019.

s/ Joshua P. Kolar
MAGISTRATE JUDGE JOSHUA P. KOLAR
UNITED STATES DISTRICT COURT
