UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| BENNIE KENNEDY,<br>   Plaintiff,<br><br> v.<br><br>SCHNEIDER ELECTRIC, INC. f/k/a<br>SQUARE D. COMPANY,<br>   Defendant. | )<br>)<br>)<br>) CAUSE NO.: 2:12-CV-122-JVB-JPK<br>)<br>)<br>)<br>) |

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Verified Motion for Disqualification of Magistrate Judge Joshua P. Kolar Pursuant to 28 U.S.C. § 455(a) [DE 148], filed by Plaintiff Bennie Kennedy on September 23, 2019.

In support of his motion, Plaintiff reports and submits evidence that I was president of the Shedd Aquarium Auxiliary Board in 2011, was on that board from 2011-2013, and, in 201l, was an "ex-officio trustee" of the Shedd Aquarium by way of my presidency of the Auxiliary Board. *See* (Mot. Ex. B, ECF No. 148-2); (Mot. Ex. C, ECF No. 148-3). I can confirm that I held these positions with the Shedd Aquarium. Plaintiff also reports that in 2013, a solar panel project at the Shedd Aquarium "was funded through partnerships with the State of Illinois, Department of Commerce and Economic Opportunity, Illinois Clean Energy Foundation and *Schneider Electric*." (Mot. Ex. C 3, ECF No. 148-3 (emphasis added)). Plaintiff provided the Court with a partial copy of a Schneider Electric document concerning the collaboration with the Shedd Aquarium. (Mot. Ex. D 2, ECF No. 148-4). Although not dispositive of the issue, it is worth noting that all of Plaintiff's exhibits address a time period well before my appointment as a United States Magistrate Judge.

I must disqualify myself in a proceeding in which I have a personal bias or prejudice against or in favor of a party or in which my impartiality might reasonably be questioned. 28 U.S.C. §§ 144, 455(a). On the other hand, I should not recuse from a case where there is no justification for doing so. *U.S. v. Hanhardt*, 134 F. Supp. 2d 972, 975 (N.D. Ill. 2001) ("Indeed, a court's duty of recusal is twofold: just as it must recuse itself in the face of valid reasons, it must not recuse itself without justification." (citing *New York City Housing Development Corp. v. Hart*, 796 F.2d 976, 981 (7th Cir.1986)). Plaintiff argues that disqualification is required here. However, for the reasons stated below, I find that recusal is not required in this case. Plaintiff does not explicitly state in the argument portion of his brief that he asserts I am biased due to Defendant's and my connections to the Shedd Aquarium, but I consider both whether there is any evidence of potential bias and whether there is an appearance of bias.

Here, it was shown that Schneider Electric and I had contemporaneous connections to the Shedd Aquarium. I served on the Auxiliary Board of the aquarium, including a term as president of that board, which made me an "ex-officio trustee." I also donated to the Shedd Aquarium and continue to do so. Exhibits to the Plaintiff's motion show that Defendant collaborated with the Shedd Aquarium regarding a solar panel project and may have also donated to it.

These facts are similar to the case of *Armenian Assembly of America v. Cafesjian*, 783 F. Supp. 2d 78 (D. D.C. 2011). In that case, the judge assigned to the case and Defendant Cafesjian had both contributed to the acquisition of a piece of art by the Metropolitan Museum of Art in New York City. *Id.* at 89. The judge and Cafesjian also had similar interests in collecting works of glass art by certain artists and the judge's and Cafesjian's names appear in certain publications relating to glass art collections, predominantly museum collections. *Id.*

The Court found that "[a]t most, Plaintiffs' evidence could give rise to an inference that the undersigned may have been aware of Cafesjian as a fellow patron of glass art. But that inference would not lead a reasonable observer to question the Court's impartiality." *Id.*

Similarly, in *McCann v. Communications Design Corporation*, 775 F. Supp. 1535 (D. Conn. 1991), the judge was a trustee of Yale University, and his wife held a position as a Professor of Law at Yale Law School. *Id.* at 1540. One of the defendants had made a $5000 gift to Yale, which amounted to 0.0038% of total gifts and 0.045% of gifts from corporate donors. *Id.* at 1539.

The judge concluded that a reasonable person, knowing and understanding all of the relevant facts, would not conclude that the judge's impartiality might reasonably be questioned. *Id.* at 1543 (citing *In re Placid Oil Co.*, 802 F.2d 783, 787 (5th Cir. 1986). In making his conclusion, the judge looked at another case, *Easley v. University of Michigan Board of Regents*, 906 F.2d 1143 (6th Cir. 1990). In *Easley*, the university was itself a party, the judge was an alumnus of the law school, was a former partner of a law firm that represented the University of Michigan Hospital, had two sons who were partners of that firm, was a sometime volunteer for the law school, was a member of the Committee of Visitors of The University of Michigan Law School, and was a member of The University of Michigan Club of Detroit. Because recusal was not required in *Easley*, the judge in *McCann* reasoned, his connection to non-party Yale University did not require remand.

I find that this provides further support to my conclusion that recusal is not required. Here, the Shedd Aquarium is not a party, and my connections to the Shedd Aquarium have provided me with no personal knowledge of disputed evidentiary facts in this case. As stated above, I have served on the Auxiliary Board of the aquarium, including a term as president of that board, which

3

made me an "ex-officio trustee" of the Shedd Aquarium. I have also donated to the Shedd Aquarium. The evidence shows that Defendant collaborated with the Shedd Aquarium regarding a solar panel project and may have also donated to it.

A reasonable person apprised of the relevant facts would not conclude that my impartiality may reasonably be questioned due to Defendant's and my connections to the Shedd Aquarium. Large organizations have many donors. A link between two such donors based solely upon their mutual (and independent) decisions to donate to the same organization does not call for recusal. A contrary rule would cause any judge who donated to a large charity to recuse in a number of cases and would provide parties with an easy method of judge shopping.

To be clear, I never took part in any solicitation of funds from Schneider Electric and did not know of their connection to the Shedd Aquarium until the filing of Plaintiff's motion. I have no fiduciary obligations to the Shedd Aquarium, and all of the exhibits to Plaintiff's motion address a time period well before my appointment to the bench. This illustrates why any rule calling for recusal based upon a donation to a large charity that was also at one point potentially supported by a party is unnecessary.

Plaintiff also argues that my former position as an Assistant United States Attorney who prosecuted criminal cases shows that I am biased here. However "all judges come to the bench with a background of experiences, associations, and view points. This background alone is seldom sufficient in itself to provide a reasonable basis for recusal." *Fairly v. Andrews*, 423 F. Supp. 2d 800, 820 (N.D. Ill. 2006) (quoting *Brody v. President & Fellows of Harvard College*, 664 F.2d 10, 11-12 (1st Cir. 1981)). Plaintiff also cites extensively to the procedural history of this case. "Judicial rulings, routine trial administration efforts, and ordinary admonishments are not grounds for recusal." *El v. Peters¸* No. 1:12-cv-1688, 2013 WL 6234617, at *1 (S.D. Ind. Dec. 2, 2013)

(citing *Liteky v. United States*, 510 US. 540 (1994)). "[A]dverse judicial rulings are not grounds for recusal." *United States v. Flournoy*, No. 12 CR 50044, 2014 WL 12709679, at *2 (N.D. Ill. Apr. 24, 2014) (citing *Liteky*, 510 U.S. at 555). Accordingly, to the extent the Plaintiff's motion argues that there is bias because I was formerly a prosecuting attorney for the government and because I granted a motion to extend filed by Defendant but not one filed by Plaintiff, there is no basis on which to recuse myself for the reasons stated above.

Based on the foregoing, the Court hereby **DENIES** Plaintiff's Verified Motion for Disqualification of Magistrate Judge Joshua P. Kolar Pursuant to 28 U.S.C. § 455(a) [DE 148].

So ORDERED this 7th day of October, 2019.

s/ Joshua P. Kolar<br>
MAGISTRATE JUDGE JOSHUA P. KOLAR<br>
UNITED STATES DISTRICT COURT