UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| BENNIE KENNEDY, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:12-CV-122-JVB-JPK |
| ) | |
| SCHNEIDER ELECTRIC f/k/a SQUARE D ) | |
| COMPANY, ) | |
| Defendant. ) | |

## OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Enforce this Court's May 24, 2019 Order [DE 122], filed on June 27, 2019, and on Plaintiffs' Verified Motion to Vacate Rule 11 Sanctions [DE 150], filed on October 2, 2019.

Plaintiff's attorney, John H. Davis[1], responded to the motion to enforce on July 2, 2019, and Defendant filed a reply on July 16, 2019. With the Court's leave, Davis filed a sur-response on July 30, 2019, and Defendant filed a sur-reply on August 7, 2019. The Court referred the motion to Magistrate Judge Joshua P. Kolar, who issued his Findings, Report, and Recommendation ("Report") on August 23, 2019. Davis filed objections to Judge Kolar's Report on September 13, 2019, to which Defendant responded on September 26, 2019. This motion is now ripe for ruling

Defendant responded to the motion to vacate on October 28, 2019, and Davis filed a reply on November 13, 2019. This motion is also ripe for ruling.

---

[1] The sanctions award at issue was made against Davis only. Accordingly, though Davis makes filings on behalf of himself and Plaintiff Bennie Kennedy, only Davis has an interest in the outcome of these motions.

**MOTION TO ENFORCE**

**A. Procedural Background**

The following procedural background from Judge Kolar's Report is an accurate summary of this litigation's history.

Over one and a half years after summary judgment was entered in favor of Schneider, Davis filed a motion to set aside the judgment. Magistrate Judge Paul Cherry, who was at the time assigned to the case and presiding over it by consent of the parties, determined that the motion violated Federal Rule of Civil Procedure 11(b) and, on March 30, 2017, awarded a $10,627.16 sanction against Davis and in favor of Schneider pursuant to Federal Rule of Civil Procedure 11(c). Judge Cherry found:

> Had Plaintiff's counsel made a reasonable investigation of the facts and law necessary to support a motion to set aside judgment for fraud on the court, he would have found that Plaintiff's Motion was not warranted by existing law. Plaintiff's counsel made no non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law. Pursuant to Rule 11(c), sanctions are warranted.

(Op. & Order 14, ECF No. 72). Davis appealed the award. The Seventh Circuit Court of Appeals affirmed the award, and Davis's request for panel rehearing and petition for writ of certiorari to the Supreme Court of the United States were denied.

After the Seventh Circuit Court of Appeals decision was final but before the Supreme Court denied Davis's petition, Schneider filed a motion to find Davis in contempt, or, alternatively, to enforce the sanctions award. Davis did not file a response to that motion. Instead, he filed a motion to stay proceedings and change the presiding judge. Schneider's motion was granted as to the request to enforce the sanctions award. Davis was ordered to pay the sanctions award by January 22, 2019. Davis's motion to stay was stricken for failure to comply with Northern District of Indiana Local Rule 7-1(a).

2

Davis refiled his motion to stay on December 28, 2018, asking that the enforcement of the sanctions award be stayed until after the Supreme Court of the United States resolved his petition for writ of certiorari. Judge Cherry retired at the end of 2018, and the case was ultimately assigned to the undersigned as the presiding judge and referred to Judge Kolar. The motion to stay was denied without prejudice for failure to address the factors considered when a stay is requested pending the resolution of a petition for writ of certiorari, as Davis's petition was pending at the time. The deadline to pay the award was extended to February 6, 2019.

The next motion—in which Davis asked for a stay or, alternatively, a six month extension of time to pay the award—was denied without prejudice in part for the same failure to address the standard for the requested stay. The Court also ordered Davis to confer with Schneider's counsel by February 20, 2019, regarding a possible agreed payment plan. Later, the Court granted an extension of the deadline for the payment of the award to April 30, 2019, and extended the deadline for conferral regarding a payment plan to March 18, 2019. The Court also advised Davis that any future motion to extend the deadline to pay the award should articulate his efforts to secure the funds necessary to satisfy the award unless the motion was made subsequent to an agreed payment plan.

Davis filed a subsequent motion to stay that did not include an articulation of his efforts to secure the funds necessary to satisfy the award. The Court denied the motion for failure to comply with the articulation requirement.

Davis filed yet another motion to stay. In ruling on that motion on May 24, 2019, the Court noted that the sanctions award was over two years old and that Davis only offered speculation that he would have the funds necessary to satisfy the award by February 2020. The Court further noted Schneider's representation that Davis failed to confer with Schneider about a possible agreed

payment plan as ordered by the Court. The Court found no good cause for an extension of the payment deadline. The Court stated that "[t]he sanctions award is due and owing." (*See* May 24, 2019 Order 3, ECF No. 119). Schneider now seeks to enforce this May 24, 2019 Order.

### B. Standard of Review

Under 28 U.S.C. § 636(b)(1)(B), a judge may designate a magistrate judge to conduct hearings and submit proposed findings of fact and recommendations for disposition of dispositive motions. The court "may accept, reject, or modify, in whole or in part," the magistrate judge's report. *Id.* at § 636(b)(1). Parties have fourteen days after being served with the magistrate judge's report to file written objections to the proposed findings and recommendations. *Id.* "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* Portions of the report to which there is no objection are reviewed for clear error. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) (citing *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995); *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)).

### C. Analysis

Davis argues that Judge Cherry had no authority to issue Rule 11 sanctions against Davis "because none of the facts or materials submitted by the Defendant . . . or any analysis presented by former magistrate judge, Paul R. Cherry, contain a *scintilla* of the requisite foundations for a Rule 11 violation." (Verified Objs. 6, ECF No. 147 (emphasis in original). However, this issue has been decided by the Seventh Circuit Court of Appeals. *See Kennedy v. Schneider Electric*, 893 F.3d 414, 421, 422 (7th Cir. 2018). Davis has expended his opportunities to receive review of Judge Cherry's award of sanctions against Davis. Davis's failed argument that the award is improper provides no reason to decline to enforce the sanctions award.

Davis argues that none of the evidence submitted in support of enforcing the sanctions shows that the award of sanctions was proper. Again, the propriety of the award has been determined by the appeals court and the time for Davis to present his arguments to the contrary has passed.

Davis argues that the award should not be enforced due to equitable estoppel because the award was obtained through fraud. However, Davis identifies no alleged misrepresentation by Defendant that led to the sanctions award. Instead, he attacks Judge Cherry's order awarding sanctions, which was upheld on appeal.

Davis also takes issue with Judge Kolar's rulings on motions for extensions of the briefing deadlines on the instant motion. However, Davis did not file requests to have those decisions reviewed by the undersigned, and, regardless, Judge Kolar's rulings on those motions have not been shown to be clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A).

The Court has conducted a de novo review of Davis's specific objections listed above. Each objection is overruled. Though Davis, in his conclusion, asks the Court to "deny in full" Judge Kolar's Report, he provides no further details as to any additional objections. Federal Rule of Civil Procedure 72 indicates that objections should be specific, so the Court takes no action on this conclusory, unspecific objection. *See* Fed. R. Civ. P. 72(b)(2). Thus, the remainder of the Court's review is for clear error.

The Court has reviewed Judge Kolar's Report, finds no clear error, and therefore adopts Judge Kolar's recommendations.

**MOTION TO VACATE**

Davis filed the Motion to Vacate the sanctions award on October 2, 2019, after Judge Kolar's Report was issued and after Davis filed his objections to it.

Davis again attacks the Rule 11 sanctions awarded against him, which has been judicially decided in the Northern District of Indiana, affirmed by the Seventh Circuit Court of Appeals, and not taken up by the Supreme Court on Davis's petition for writ of certiorari.

Davis notes that Federal Rule of Civil Procedure 11 requires service of a motion for sanctions under that rule on the non-filing party at least 21 days before the filing of that motion with the court. Davis confusingly asserts that the service was not completed but also attaches a Rule 11 notice dated June 20, 2016, which is 23 days before the motion for sanctions was filed on July 13, 2016. Regardless, as the Court has stated previously in this Opinion and Order, the Seventh Circuit Court of Appeals has found that the sanctions award is proper under Rule 11, so the Court will not disturb that award.

Davis presents no legal basis on which to vacate the sanctions award, which the Court has determined should be enforced. This motion is denied.

Defendant submits a few requests in its response. First, Defendant contends that it is entitled to further Rule 11 sanctions because the motion to vacate violates Rule 11. Violations of Rule 11 are tied to a specific filing—Rule 11(c), which pertains to sanctions, refers to violations of Rule 11(b), which in turn discusses the certifications that an attorney makes in "presenting to the court a *pleading, written motion, or other paper*." Fed. R. Civ. P. 11 (emphasis added). Therefore, any earlier motion for sanctions does not cover the motion to vacate, and Defendant has made no representation that it gave Davis the opportunity to withdraw the motion before making the request for sanctions. *See id.* 11(c)(2). Therefore, this request is denied.

Defendant next asks for sanctions under 28 U.S.C. § 1927. Sanctions imposed under § 1927 are a matter for the court's discretion. *Bell v. Vacuforce, LLC*, 908 F.3d 1075, 1081 (7th Cir. 2018). The conduct at issue is the same conduct for which Defendant seeks Rule 11 sanctions. *See* (Resp.

Mot. Vacate 11, ECF No. 156 ("*As detailed above*, Attorney Davis is bringing claims in the current Motion to Vacate that have been litigated previously and/or have been waived." (emphasis added)). The Court will not allow Defendant to bring the procedurally insufficient Rule 11 claim through the back door of § 1927.

Lastly, Defendant asks the Court to enjoin Davis from filing further papers in support of frivolous and vexatious claims. The Court has ample authority to curb bad behavior by litigants, though "any sanction imposed by a federal court for the abuse of its processes [must] be tailored to the abuse." *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995) (citing *In re Anderson*, 511 U.S. 364 (1994); *In re Sassower*, 510 U.S. 4 (1993)).

Davis has shown an unwillingness to accept the finally-determined issues in this case and appears to take every opportunity to re-raise failed arguments. The Court further notes that, at one point in this litigation, Davis indicated that he could pay the sanctions award in full if he was given until February 2020. Given the procedural turns this case has taken, that date has since passed. So, by Davis's own admission, he should be able to pay the award in full. *See* (5th Verified Mot. Stay, ECF No. 116). Davis's bad behavior has been the filing of multiple documents bringing already rejected arguments on closed issues.

Accordingly, the Court issues one final warning. Attempts to relitigate the judicially determined issue that the sanctions award is appropriate or other matters that have been judicially deemed frivolous will lead to the sanction that all filings made by Davis in this case, other than an affidavit or other proof of complete payment of the sanctions award, will be stricken until that affidavit or other proof is filed.

## CONCLUSION

Based on the foregoing, the Court hereby **OVERRULES** Davis's objections, **ADOPTS** the Findings, Report, and Recommendation [DE 138], and **GRANTS** Defendant's Motion to Enforce this Court's May 24, 2019 Order [DE 122]. The Court **ORDERS** John H. Davis to pay the sanctions award *in full* **on or before September 8, 2020**.

The Court further **ORDERS** John H. Davis to **SHOW CAUSE on or before September 23, 2020**, why he should not be held in contempt for failing to confer with Schneider about a possible agreed payment plan as ordered by the Court. Arguments that the sanctions award is improper will not be tolerated in this filing.

The Court **WARNS** John H. Davis that failure to pay the award **WILL RESULT** in another show cause order being issued against him to show cause why he should not be held in contempt for failing to pay the award as ordered.

The Court further **WARNS** John H. Davis that bringing a future motion or other filing that repeats arguments that this Court and the Seventh Circuit Court of Appeals have deemed frivolous may result in a show cause order being issued pursuant to Federal Rule of Civil Procedure 11(c)(3) and will result in the striking of his filings in this case as set forth above in this opinion and order.

The Court **DIRECTS** the Clerk of Court to reduce the $10,627.16 sanctions award in the Court's March 30, 2017 Opinion and Order and enter judgment accordingly.

SO ORDERED on August 17, 2020.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT
